[Civ. No. 6028. First Appellate District, Division One.—November 1, 1927.]

PATRICK O'FARRELL, Respondent, v. GEORGE ANDRUS, Appellant.

Barry J. Colding, Theodore Hale and B. P. Gibbs for Appellant.

A. P. Black for Respondent.

CAMPBELL, J., *pro tem.*—This is an appeal from a judgment entered on the verdict of the jury awarding respondent two thousand dollars damages for personal injuries received by being struck by an automobile operated by appellant.

Appellant assigns the following errors upon which he relies for a reversal of the judgment: "(1) the verdict is contrary to the evidence and is contrary to law in this: (a) the proof discloses negligence on the part of the defendant; (b) the plaintiff himself, as shown by all the testimony, was guilty of contributory negligence as a matter of law in placing himself in a position of danger in the street and in failing to exercise ordinary care for his own safety, said negligence contributing directly and proximately to his injuries; (2) the court erred in giving an instruction to the jury making the defendant liable if guilty of negligence which proximately contributed to plaintiff's injuries, irrespective of and ignoring the issue of plaintiff's contributory negligence, which was pleaded by defendant and upon which substantial evidence was introduced thereon; (3) the court erred in giving to the jury a certain instruction which suggests and assumes negligence on the part of defendant and suggests and assumes an absence of contributory negligence on the part of plaintiff; (4) the court erred in giving an instruction upon the doctrine of the 'last clear chance' for the reasons: (a) that the doctrine has no application to the facts of this case, and the evidence is insufficient to justify such an instruction; (b) that the instruction is insufficient in form to present fully the doctrine of 'last clear chance'; (5) the court erred in refusing to give to the jury certain instructions requested by defendant upon his theory of the case

which there was sufficient evidence adduced to support the same.''

The material facts as disclosed by the record in narrative form are as follows: According to the testimony of plaintiff, on the evening of August 27, 1923, he went to a grocery-store on Mission Street, in San Francisco, to get some eggs. On his way home he walked westerly along the northerly side of Twenty-first Street. When he reached Valencia Street he looked both north and south, and a street-car passed northerly on the easterly track on Valencia Street. He then looked north and stepped into the street. He looked two or three times to the right to see if there were any street-cars or automobiles coming toward him. When a street-car passed going north he saw some machines on the other side of the street going south, but when he got out into the middle of the street and looked to the right he did not see any machine anywhere near him. He had looked the very second he was struck; the last time he looked before that was when he crossed the car rails, and when crossing the rails he looked all the time to the right. The machine was twenty feet away when he first saw it, and it was going at such speed it would go twenty feet in a second. Before he started to cross the street at the time the street-car passed he saw other machines going south. He saw there was a good show to get across the street, and he walked out into the car tracks; then he looked north and did not see any machine coming anywhere near him. It was misty or foggy, but he could see about two hundred feet; his eyesight was good and he could hear well and did not hear any horn sounded. When he got to a point about six or seven feet from the westerly curb of Valencia Street he first saw the machine coming, and he did not have time to get out of the way of it. The machine must have been twenty or twenty-five feet away. He had no time to stand. The left front fender hit him. He was watching carefully when he was crossing the street, and defendant was driving at a high rate of speed—came like a shot—and he thought he was going thirty-five or forty miles an hour, though it might have been more or less.

Charles Heslin, a passenger in defendant's car, called as a witness for plaintiff, said: O'Farrell was six or eight feet from the westerly curb when he was struck. The machine

swung around into Twenty-first Street and stopped. When he saw O'Farrell coming it might be seventy-five or eighty feet. He could not tell whether they carried O'Farrell from where he fell on Valencia Street around to the side of the automobile. The machine did not stop on Valencia Street, but on the corner when it went around. He did not see the accident.

Both the defendant and Peter J. Schmitt, called for the defense, testified that defendant's car was moving slowly; that defendant kept blowing his horn, but that plaintiff paid no attention to it and walked right into the right-hand side of the car, the witness Schmitt saying that he walked into the rear of the machine, and defendant, Andrus, testifying that he walked into the right rear fender of the car. According to the witness Schmitt there was a drizzling rain on the street; that the accident happened about five feet from the intersection of Valencia and Twenty-first Streets; that it had been raining about fifteen minutes and the streets were real greasy, and that they were about fifty feet from the corner when he first saw Mr. O'Farrell. Appellant in his testimony placed this distance from fifty to seventy-five feet.

From this summary of the evidence it is apparent that there is a direct conflict as to material facts, plaintiff testifying that defendant was driving at a high rate of speed—thirty-five or forty miles, more or less, at a crossing on a rainy or foggy night—"It came like a shot," he said, and the defense witnesses testified that defendant was going "real slow." Plaintiff stated that he was struck by the left front fender, while defendant and his witness Schmitt testified that plaintiff walked into the rear of the machine or at the rear wheel on the right-hand side of the car. Plaintiff testified that his hearing was good and that he heard no horn, while defendant testified that he sounded his horn when he first saw plaintiff on the car track when he was practically in the middle of the street, and defendant's witness Schmitt said defendant kept blowing his horn. Upon this conflict the finding of the jury must stand under the well-established rule that where there is a conflict in the evidence the judgment of the trial court will not be disturbed on appeal.

■ Appellant urges that the proof discloses no negligence on the part of defendant, and that the evidence shows that plaintiff was guilty of contributory negligence as a matter of law. We do not agree with appellant's contention, but, on the contrary, are of the opinion that whether defendant, driving his automobile at a high rate of speed or at the rate of speed of thirty-five or forty miles an hour within five feet of a crossing after dark on a foggy or rainy night, was or was not negligent, or whether plaintiff was guilty of contributory negligence under the circumstances here disclosed, was a question of fact for the jury to decide.

Appellant concedes that it is settled law in this state that where the evidence is conflicting, or where there is some substantial evidence to support the verdict, the appellate court will not order a reversal, but contends that the evidence here, according to the testimony of the witness Schmitt, shows that respondent was wandering about with his head down, apparently not paying any attention to the approach of defendant's car and the constant honking of the horn, and that the evidence is incontrovertible that plaintiff walked into and against defendant's car. We do not agree that these facts stated by the witness Schmitt are without dispute and incontrovertible. They are certainly disputed by plaintiff, who testified that he continually looked up the street in the direction from which defendant's car approached; that he could see about two hundred feet; that he saw no car approaching until it suddenly loomed up about twenty feet from him, coming at a high rate of speed, and that he did not walk into the rear of the car or near the right rear wheel, but was struck by the left front fender of defendant's car. Nor is the fact that defendant constantly honked his horn admitted; on the contrary, plaintiff testified that his hearing was good and he heard no horn sounded, from which the inference could be drawn that the horn was not sounded. Again, as there was at least twenty feet between plaintiff and the middle of the street and defendant had ample room to have driven in safety to avoid hitting plaintiff, the jury may have drawn the inference that defendant was not watching the road ahead of him and did not see the plaintiff.

Appellant cites us to *Diamond* v. *Weyerhaeuser*, 178 Cal. 540 [174 Pac. 38]. In that case the court held negligence is not to be inferred from the mere fact of injury; that giv-

ing all the weight which plaintiff's testimony could fairly bear, it went no further than to show that there had been a collision between the wagon and the automobile. "There was a total lack of any circumstances from which it might reasonably be inferred that the collision was caused by any want of care on the part of the driver of the automobile, rather than by the negligence of the driver of the wagon." Here, however, as has been shown, there are facts and circumstances aside from the fact of the injury from which the jury could have inferred negligence. While it is true that "high rate of speed" and "like a shot" and such statements have been held to be entirely too uncertain to serve as a basis for a finding that the rate of speed was in excess of the maximum rate which would be dictated by the demands of ordinary prudence (*Diamond* v. *Weyerhaeuser, supra*), here, however, in addition to such expressions there is evidence that it was raining; that the street was real greasy; that defendant saw plaintiff fifty or seventy-five feet before the accident; that he did not alter his course nor slow down; that he was driving under such weather conditions thirty-five or forty miles an hour; that he covered twenty feet distance in practically a second of time; that he had ample room to pass behind plaintiff and avoid the accident, but did not do so.

*Tower* v. *Humboldt Transit Co.*, 176 Cal. 602 [169 Pac. 227], cited by appellant, was reversed because the court applied the doctrine of *res ipsa loquitur*, and as to that the court said: "It has no application to the case of a collision between a street-car and a pedestrian on the street"; nor should the present case be reversed on the authority of *Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237 [116 Pac. 513], cited by appellant; rather it is an authority to sustain the judgment. There the court uses this language: "The real decision of the question by the court is a decision of fact. When the evidence is such that the court is impelled to say that it is not in conflict on the facts, and that from those facts reasonable men can draw but one inference, and that an inference pointing unerringly to the negligence of the plaintiff contributing to his own injury, then and only then does the law step in and forbid plaintiff a recovery. . . . Again, the question whether or not a plaintiff has been guilty of contributory negligence is usually one of fact for the

jury's verdict. It is only where *no fact is left in doubt, and no deduction or inference other than negligence can be drawn by the jury from the evidence, that the court can say, as a matter of law* (italics ours) that contributory negligence is established." Applying this standard to the facts and circumstances here, we cannot but conclude that the question of negligence was one of fact for the jury.

█ As to the court's instructions it may be said that, taken as a whole, they correctly state the law governing accident cases. Appellant complains of instruction XV as omitting. the element of contributory negligence. This instruction is predicated upon the proposition that defendant's lack of ordinary care was the proximate cause of the injury, and therefore precludes anything else as the proximate cause. If, however, standing alone the instruction is open to criticism, taken in conjunction with instruction XVIII the jury could not have been misled. That instruction is as follows: "If you find from the evidence that the defendant was negligent in the manner charged in the complaint but that the plaintiff was also negligent, no matter how slightly, and that his negligence proximately contributed to the accident, then and in such event I charge you that your verdict must be against the plaintiff and in favor of the defendant." The instructions thus given are in harmony with and not subject to the criticism called forth in *Pierce* v. *United Gas & Elec. Co.,* 161 Cal. 176 [118 Pac. 700], stressed by appellant. In the Pierce case the instructions were in conflict and could not be harmonized; but here it stands as though the court had instructed the jury: "If you find the defendant did not use ordinary care to avoid running into and injuring the plaintiff, and you find that such a lack of care was the proximate cause of the accident, then you should find for the plaintiff and against the defendant, but if you find that the plaintiff was also negligent, no matter how slightly, and his negligence proximately contributed to the accident, then your verdict must be against the plaintiff and in favor of the defendant." Not only does instruction XVIII instruct the jury that plaintiff cannot recover if he has been guilty of negligence proximately contributing to his injury, but it was also so instructed in instructions XX and XXI.

█ The point urged that instruction XVI assumes negligence on the part of defendant and assumes an absence of

contributory negligence on the part of plaintiff is without merit. The instruction does not assume defendant's negligence nor an absence of contributory negligence. The instruction expressly states that "if you find from the evidence that the conditions surrounding the crossing at Valencia and Twenty-first streets at the time plaintiff was injured were such that you are satisfied from the evidence the defendant was driving at such an excessive rate of speed that he did not have his automobile under proper control when he approached the crossing and by reason of said lack of proper control he struck the plaintiff, then in the absence of any contributory negligence on the part of plaintiff proximately causing the injury it is your duty to find for the plaintiff and against the defendant."

Appellant urges that the court erred in its instruction upon the doctrine of the "last clear chance," and that such doctrine has no application to the facts; that the contributory negligence of plaintiff continued down to the very instant of the accident and was therefore concurrent and contemporaneous, and cites us to *Wallis* v. *Southern Pac. Co.*, 184 Cal. 662, 673 [15 A. L. R. 117, 195 Pac. 408], as holding: "The rule is well settled in this state that in order to make the defendant liable, notwithstanding contributory negligence of the plaintiff, the defendant must not only be aware of the danger in time to avert it, but must also know, or have reason to believe that the plaintiff is obvious of the danger and is in a position where he cannot extricate himself from it (*Arnold* v. *San Francisco-O. T. Rys.*, 175 Cal. 1 [164 Pac. 798]; *Basham* v. *Southern Pac. Co.*, 176 Cal. 320 [168 Pac. 359]; *Young* v. *Southern Pac. Co.*, 182 Cal. 369 [190 Pac. 36])," and also to *Matteson* v. *Southern Pac. Co.*, 6 Cal. App. 318, 326 [92 Pac. 101], holding: "The last clear chance rule can never apply where the negligence of the injured party continued up to the very moment of the injury, and was a contributing and efficient cause thereof." In the present case, however, the defendant testified: "O'Farrell *gave no evidence of realizing I was approaching him.* I thought he was going to stop, *but he kept on.* I continuously blew the horn and still he didn't look up. So at that time I was almost on top of him," and defendant further testified that at the speed he was driving he could have stopped his machine in a distance of one foot.

■ Lastly, appellant complains of the court's refusal to give certain instructions requested by him covering the presumption that one possessed of normal faculties of sight and hearing must see and hear that which is in the range of his sight and hearing, and that if plaintiff deliberately walked in front of the machine or against it, he is guilty of negligence as a matter of law and cannot recover. With the exception of that portion of the instruction dealing with plaintiff's walking deliberately into the automobile, the principles of law in the instructions, the refusal of which is complained of, are fully covered in instructions XXIII and XXV. ■ As to the requested instruction regarding the plaintiff deliberately walking into the automobile, while it was proper to give it, it cannot be said that its refusal constitutes error, as the jury were repeatedly told that even the slightest negligence on the part of plaintiff proximately contributing to the accident would bar his recovery. It certainly cannot be said that the jury did not understand, under the instructions of the court, that walking deliberately into a moving automobile would come under the instruction that plaintiff could not recover, if slight negligence on his part contributed to the accident.

The issues in the case were simple, and certainly under the instructions no confusion could arise. Was defendant guilty of negligence? Was plaintiff guilty of contributory negligence? If defendant alone was guilty of negligence which was the proximate cause of the injury, plaintiff is entitled to the verdict; but if plaintiff was also guilty of negligence which proximately contributed to his injury, defendant is entitled to the verdict. These issues were amply covered by the court's instructions, which, taken as a whole, correctly stated the principles of law involved and were as full and fair as either party could reasonably expect.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 29, 1927.