[Civ. No. 6808. Second Appellate District, Division One.—October 28, 1931.]

HENRY H. BOYNTON, Appellant, v. RICHFIELD OIL COMPANY (a Corporation) et al., Respondents.

Praeger & Biddle and Arnold Praeger for Appellant.

W. I. Gilbert for Respondents.

BISHOP, J., *pro tem.*—"Even though a court might be justified in granting a new trial it would not be justified in directing a verdict on the same evidence. (*Estate of Caspar*, 172 Cal. 147 [155 Pac. 631].) The power of the court in passing upon such motions is strictly limited. It has no power to weigh the evidence, but is bound to view it in the most favorable light in support of the verdict. The right of a court to direct a verdict is the same as the right of a court to grant a nonsuit. This can be done only when, disregarding conflicting evidence and giving plaintiffs' evidence all the value to which it is legally entitled, including every legitimate inference which may be drawn therefrom, the result is a determination that there is no evidence of suffi-

cient substantiality to support a verdict in favor of plaintiff if such verdict were given." (*Hunt* v. *United States Bank & Trust Co.,* (1930) 210 Cal. 108, 117 [291 Pac. 184, 188].) Applying the test thus prescribed to the evidence before the trial court, we are persuaded that the motion for a directed verdict should not have been granted.

■ Plaintiff sought to recover damages growing out of the collision of his automobile with the trailer attached to a truck of the defendant. Without doing violence to reason, the jury could have found from the evidence facts, with logical inferences, which would have supported the conclusion that defendants had, and negligently failed to avail themselves of, the last clear chance to avoid the accident. The jury was told that the defendants saw plaintiff coming for over an eighth of a mile, and judged his speed, when he was one hundred feet away, at between forty and fifty miles an hour. At this moment, when plaintiff was just within the hundred foot distance and coming at the rate defendants realized, defendants' truck was not so far advanced across plaintiff's path but that, if defendants stopped it within one foot, as they could have done, plaintiff would have had room to pass safely in front; but it was so far advanced that if they continued on their course across the street plaintiff would be unable to extricate himself from the predicament into which his rapid approach had plainly placed him. The precautionary measure of stopping, defendants did not take, and as a result the accident was not avoided. This, we find, the evidence would have warranted the jury in adopting as the facts of the case, and on the facts so found judgment should go for the plaintiff. (*Palmer* v. *Tschudy,* (1923) 191 Cal. 696, 700 [218 Pac. 36].) The motion for a directed verdict should not have been granted, therefore, even though the trial court would, in all probability, have felt it his duty to grant a new trial had the jury reached a verdict for the plaintiff.

The judgment is reversed.

Houser, Acting P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 18, 1931, and a peti-

tion by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 24, 1931.