[Sac. No. 4686. In Bank.—August 9, 1932.]

J. H. GIRDNER, Respondent, v. UNION OIL COMPANY OF CALIFORNIA (a Corporation) et al., Appellants.

198

Chenoweth & Leininger for Appellants.

Thomas J. Straub and W. R. Dunn as *Amici Curiae* in Behalf of Appellants.

Jesse W. Carter for Respondent.

TYLER, J., *pro tem.*—Appeal from a judgment awarding plaintiff $5,000 for personal injuries and $500 damages to his automobile, as the result of a collision between plaintiff's automobile and an oil truck owned by defendant Union Oil Company, and driven by defendant Elam. The case was tried by the court sitting without a jury.

The sole question presented by the appeal is whether or not the facts in the case justify a recovery for plaintiff under the last clear chance doctrine. Appellant claims that

the evidence is insufficient to support the findings and judgment. Primarily it may be stated that whether the doctrine is applicable in a given case depends entirely upon the existence or nonexistence of the elements necessary to bring it into operation, and this question is controlled by factual circumstances. Here there is evidence to show that the collision between the automobile driven by plaintiff and the truck belonging to defendant oil company and driven by defendant Elam, occurred at the intersection of Ferry Street and the California state highway, in the town of Anderson, in Shasta County, on the sixth day of January, 1927, between 2 and 3 o'clock in the afternoon. Ferry Street in the town of Anderson runs in an easterly and westerly direction, while the highway runs through said town in a northerly and southerly direction. The Southern Pacific Railroad lies east of and runs parallel with the highway. At the time of the collision, plaintiff was driving a touring car with side curtains. He was proceeding in a westerly direction on Ferry Street across the highway. As he passed over the railroad track he was, due to the condition of the road, driving slowly at about four or five miles an hour. After crossing the railroad track he accelerated his speed to twelve or fifteen miles an hour. Plaintiff testified that he looked to the north when twenty or thirty feet from the east side of the track and saw no cars approaching. He then looked south down the highway. He did not again look to the north but drove on to the highway, still looking to the south when the collision occurred. He further testified that he never saw the truck of defendant that day, either before or after the occurrence of the accident.

At the time of the collision and immediately prior thereto the truck was being operated by defendant Elam along the highway in a southerly direction. According to his testimony, Elam saw the plaintiff when he was about fifty feet north of the intersection. He testified that Girdner was traveling about fifteen miles an hour and that at no time during the period in which he observed him did Girdner look in his direction; that he (Elam) took his foot off the gas accelerator and let the truck drift toward the intersection; that during the period of time his truck was so drifting the speed thereof was retarded about three miles an

hour, so that he was traveling about twelve miles an hour; and that when he got about fifteen feet from the point of collision he applied his brakes and turned his truck to the right when about four or five feet from the point of collision.

Other witnesses variously estimated the speed at which Elam was traveling at from fifteen to thirty miles an hour. The court found that he was proceeding at a rate of twenty miles. Elam admitted he did not sound his horn as he approached the intersection prior to the collision, nor did he give plaintiff any warning of his approach. The truck driven by Elam was eighteen feet in length and about five and a half feet in width, weighing at the time, with its load, about five tons. There was evidence to show that it could be stopped according to the following speeds: 10 miles per hour, 8 to 10 feet; 15 miles per hour, 12 to 13 feet; 20 miles per hour, 20 feet; 25 miles per hour, 23 to 25 feet; 30 miles per hour, 34 or 35 feet.

By reason of the impact, plaintiff's car was shoved or skidded along the pavement in a southerly direction for a distance of from fifteen to twenty feet. Skid marks on the pavement showed that the wheels of the truck skidded for a distance variously estimated at from fifteen to twenty feet. As a result of the collision plaintiff suffered severe and permanent injuries, and his automobile was completely demolished.

In rendering judgment for the plaintiff, the trial court based its decision upon the last clear chance doctrine, and filed an opinion in the case in which it discussed the evidence. It found, in substance, that plaintiff failed to exercise ordinary care, and did not act as an ordinarily prudent person would have acted in the operation of his automobile when approaching an intersection, as he failed to look to the north, in which event he would have seen the truck that confronted him. In failing to look, it held plaintiff to be guilty of contributory negligence, barring his right to a recovery unless the doctrine of the last clear chance applied to the facts. It then found that the evidence clearly established the fact that when plaintiff approached and was proceeding across the path of the oil truck, and up to the time of the collision, he did not see and was totally oblivious of the approach of the truck, and the danger that confronted him; that defendant Elam first

saw plaintiff's car some forty or fifty feet away from the intersection; that he saw plaintiff looking straight ahead, in an opposite direction, and not slowing the speed of his automobile; that Elam was traveling at a speed of twenty miles an hour and could have stopped his truck almost immediately, and within a distance of a few feet; that he had ample time and sufficient distance, at least twenty-five to thirty-five feet, in which to stop and avoid coming in contact with plaintiff's car, but failed to do so. Accordingly, it applied the doctrine of the last clear chance to the facts of the case.

It is claimed on behalf of appellants that the doctrine of last clear chance has no application to a situation as here, where by mutual carelessness an injury ensues to one of two parties. In other words, the doctrine of last clear chance excludes from the operation of its underlying principle every case wherein it may be said that the negligence of the injured party was contemporaneous, concurrent, continuing and contributory with the negligence of the party inflicting the injury, up to the very moment of the impact. Accordingly it is claimed that the trial court had a misconception of the doctrine of last clear chance. In support of their claim appellants cite us to the doctrine announced in such cases as *Everett* v. *Los Angeles etc. Ry. Co.*, 115 Cal. 105 [34 L. R. A. 350, 46 Pac. 889], *Lee* v. *Market Street Ry. Co.*, 135 Cal. 293 [67 Pac. 765], *Young* v. *Southern· Pac. Co.*, 182 Cal. 369 [190 Pac. 36], *Rowe* v. *Southern California Ry. Co.*, 4 Cal. App. 1 [87 Pac. 220], where the continual negligence doctrine is announced. This doctrine is, like the doctrine of the last clear chance, based upon the particular facts of the case and is but a determination that the facts involved do not bring into operation the latter doctrine, but involve merely the ordinary and proximately contributory negligence which will bar recovery in any case. In other words, the doctrine as pronounced in the cases cited and relied upon generally, hold that the doctrine of last clear chance may not be invoked by a plaintiff to avoid his contributory negligence when the same has proximately contributed to his injury.

The real issue in cases of the character here involved is not whose negligence came first or last, but whose negligence, however it came, was the proximate cause of the

injury. (*Esrey* v. *Southern Pac. Co.*, 103 Cal. 541 [37 Pac. 500] ; Beach on Contributory Negligence, sec. 50.)

Whether or not, therefore, negligence is the proximate or remote cause is, as above stated, a question of fact in each particular case. The doctrine of continuing negligence has no application unless the negligence is the proximate cause of the injury. On the other hand, if all the elements of the last clear chance doctrine are present and plaintiff's negligence becomes remote in causation, then this doctrine applies. If any one of the elements of the last clear chance doctrine is absent, then plaintiff's negligence remains the proximate cause and bars recovery. But the continuous negligence rule does not apply to a situation in which the last clear chance rule, by the presence of its own elements, is brought into operation. Where these necessary elements are lacking, courts have declared, and rightfully so, that plaintiff's negligence being continuous and contributory with that of defendant bars a recovery. ■ The necessary elements, as deduced from the well-considered cases, may be stated in substance as follows: That plaintiff has been negligent and, as a result thereof, is in a position of danger from which he cannot escape by the exercise of ordinary care; and this includes not only where it is physically impossible for him to escape, but also in cases where he is totally unaware of his danger and for that reason unable to escape; that defendant has knowledge that the plaintiff is in such a situation, and knows, or in the exercise of ordinary care should know, that plaintiff cannot escape from such situation, and has the last clear chance to avoid the accident by exercising ordinary care, and fails to exercise the same, and the accident results thereby, and plaintiff is injured as the proximate result of such failure. It has been said that such failure by defendant to use ordinary care under such circumstances amounts to a degree of reckless conduct that may well be termed wilful and wanton, and when an act is thus committed, contributory negligence upon the part of the person injured is not an element which will defeat a recovery. (*Esrey* v. *Southern Pac. Co.*, *supra*, at p. 545.)

We do not deem it necessary to review and discuss the numerous cases cited by appellants. The apparent confusion which exists in some of the decisions upon the subject arises in the application of the law to the facts, but

as to the rule itself there is little or no confusion. It would be a strange case indeed, to say the least, that would declare it to be permissible to run down and injure one simply because he was in a position of peril of which he was unaware, without responding in damages for his wilful act. Such, of course, is not the law. ■ A defendant is never relieved of liability if he has it in his power to prevent the injury. This doctrine applies whether one is unaware of his peril by reason of his negligence, or when exercising ordinary care is so ignorant. In either situation the rule is the same. A defendant is not privileged to injure another simply because he is negligently or otherwise in a position of danger. If he has the opportunity of avoiding the injury, he must at his peril exercise it. The rule of the last clear chance means just what the words imply. A party who has the last chance to avoid the accident, notwithstanding the previous negligence of a plaintiff, is solely responsible. (*Townsend* v. *Butterfield,* 168 Cal. 564 [143 Pac. 760]; *Harrington* v. *Los Angeles Ry. Co.,* 140 Cal. 514, 526 [98 Am. St. Rep. 85, 63 L. R. A. 238, 74 Pac. 15]; *Palmer* v. *Tschudy,* 191 Cal. 696 [218 Pac. 36]; *Berguin* v. *Pacific Elec. Ry. Co.,* 203 Cal. 116 [263 Pac. 220]; *Darling* v. *Pacific Electric Ry. Co.,* 197 Cal. 702 [242 Pac. 703]; *Atkins* v. *Bouchet,* 86 Cal. App. 294 [260 Pac. 828]; *O'Farrell* v. *Andrus,* 86 Cal. App. 474 [260 Pac. 957]; *Smith* v. *Los Angeles Ry.,* 105 Cal. App. 657 [288 Pac. 690].)

■ The element of continual negligence is present in all last-chance cases. If defendant is not able to avoid injuring plaintiff in the exercise of ordinary care, the plaintiff's original negligence continues to be the proximate cause of his own injury, which bars recovery. If, on the other hand, defendant is able to avoid injuring the negligent plaintiff, and negligently fails to do so, plaintiff's original though continuing negligence only remotely contributes to the injury and is not the proximate cause thereof, and hence the applied doctrine, by its own principles, establishes the right of plaintiff to recover notwithstanding the fact that his original negligence would, by its continuing nature, bar a recovery if the doctrine were not applicable. To hold otherwise would be to dispute its existence.

The real question to be determined in considering cases of the character of the one here involved is whether or

not the so-called continuing negligence is the proximate or remote cause of the injury, which question is determined by the application of the principles of the doctrine of the last clear chance itself. Stated in another way, contributory negligence of the party injured is not the proximate cause of the injury, as the negligence of the defendant being later it constitutes the sole proximate cause. (*Cady* v. *Sanford,* 57 Cal. App. 218 [207 Pac. 45].) When the doctrine applies, plaintiff's negligence becomes remote rather than proximate in causation. If it does not apply, his negligence remains proximate in its causation and will bar his recovery. If these principles are kept in view, no confusion should exist in their application to the facts of a given case. The principle underlying the last clear chance doctrine is that it is humane in its nature, and an exception to the ordinary rules underlying the defense of contributory negligence as laid down in *Young* v. *Southern Pac. Co., supra,* and other cases of similar character relied upon by appellants.

It but remains to be seen whether all the elements of the applied doctrine are present in plaintiff's case. The findings were framed upon the facts as stated in the opinion of the court hereinabove recited. There was a conflict in the evidence upon all the material issues, as is usual in such cases, but there is ample evidence in the record to fully support the findings of the trial court, to the effect that plaintiff did not know of the approach of defendants' truck and hence was unaware of his danger; that defendant Elam perceived that plaintiff was unconscious of the peril he was in, and hence that plaintiff could not be relied upon to avert the collision; that Elam could have prevented the collision had he arrested the progress of his truck or turned the same in time, but having such time, he negligently failed to do so until too late to avoid the injury. The facts as found justified the court in applying the doctrine discussed.

The judgment is affirmed.

Waste, C. J., Shenk, J., Seawell, J., and Curtis, J., concurred.

Rehearing denied.