[Civ. No. 8612. Second Appellate District, Division One.—October 5, 1934.]

CHARLES OLSON, Appellant, v. GEORGE R. COMBS, Respondent.

Chas. G. Young and E. L. Medler for Appellant.

W. I. Gilbert for Respondent.

SCHAUER, J., *pro tem.*—Plaintiff, as a pedestrian, during daylight hours, attempted to cross a congested city street in a business district at a point other than in an established crosswalk, and was struck and injured by an automobile driven by defendant. The trial ended with a nonsuit upon the ground that plaintiff's evidence established contributory negligence as a matter of law, and this appeal is from the judgment of dismissal entered thereon.

Plaintiff contends: (1) That the trial court erred in holding upon the evidence that he was guilty of contributory negligence as a matter of law; (2) that in any event the case should have been submitted to the jury upon the theory of the doctrine of last clear chance.

In view of the conclusions reached upon the second point it is unnecessary to consider the first.

Defendant, called as a witness under section 2055 of the Code of Civil Procedure, testified in part that he was driving his car at a rate of speed of 25 or 30 miles per hour and saw plaintiff walking in the street "with his head down" at a distance of approximately 150 feet, at which point defendant "commenced to slow up"; thereafter he watched plaintiff continuously and when about 30 feet from the point of impact applied the brakes of his automobile, its wheels skidding the remaining distance; no sound signal was given. There is a conflict in the evidence as to whether plaintiff proceeded directly to the point of collision or, having once reached a position near the center of the street, turned and retraced his steps toward the curb-line and

again turned and advanced to the place where he was hit. Plaintiff testified in effect that he did not see the automobile or become aware of impending danger at any time.

The foregoing summarized evidence is legally sufficient to support a verdict for the plaintiff upon the theory of the doctrine of last clear chance as recently enunciated by the Supreme Court in *Girdner* v. *Union Oil Co.*, 216 Cal. 197 [13 Pac. (2d) 915], wherein the rule is declared to be that: "A defendant is never relieved of liability if he has it in his power to prevent the injury. This doctrine applies whether one is unaware of his peril by reason of his negligence, or when exercising ordinary care is so ignorant. In either situation the rule is the same."

An appeal is also made from the order denying plaintiff's motion for new trial. Since no appeal lies from such an order, that appeal is dismissed.

The judgment is reversed.

Houser, Acting P. J., and York, J., concurred.