[Civ. No. 13361.   Second Dist., Div. Two.   Feb. 25, 1942.]

MARY COSTERISAN, Respondent, v. LOS ANGELES RAILWAY CORPORATION (a Corporation) et al., Appellants.

Gibson, Dunn & Crutcher and E. H. Chapman for Appellants.

William B. Gilroy and Paul Taylor for Respondent.

MOORE, P. J. — This action arose out of a collision between the automobile of plaintiff and the street car of defendant corporation at the intersection of 11th and Hill Streets in the city of Los Angeles. From a judgment, after verdict in the sum of $4,500, defendants appeal upon the grounds of (1) insufficiency of the evidence, and (2) prejudicial error in giving an instruction upon the doctrine of last clear chance.

On July 20, 1939, between 8:30 and 9 p. m., plaintiff while proceeding in her Ford sedan on West 11th Street in a westerly direction approached Hill Street. The traffic signals were not in operation. On arriving at the extended easterly curb line of Hill Street, plaintiff stopped, looked both to the north and to the south, saw no traffic near the intersection and proceeded across Hill Street at ten miles per hour. While she was still 32 feet east of the east curb line of Hill Street, she observed the street car operated by defendant Stall in a position about 30 feet west of the west curb line of Hill Street, moving slowly. She again saw the street car at the time she stopped and observed that it had moved forward. At that intersection some of the street cars traveling on the 11th Street line continue easterly across Hill while others make a left turn and proceed northerly on Hill Street. The route of the street car in question, although not yet indicated, was to turn at Hill Street.

As plaintiff started across the intersection she shifted into second gear on or near the first set of tracks on Hill Street. At that point she again looked to her right for any traffic approaching from the north, which was her only source of immediate danger. But as she looked up and to her left, the street car which had been moving eastward was at this time bearing down upon her. Her automobile was past the center of the street, still headed directly westward when the collision occurred. The rear wheels of her automobile were on the westerly rail of the south-bound tracks. Although she saw the car approaching slowly "she did not take that car into consideration at all," indicating her knowledge that this intersection is a mandatory stop and that of course the car would come to a stand-still before proceeding across the intersection and that therefore she did not consider it a source of peril. Plaintiff and a number of her witnesses testified that the street car did not stop and that no warning was given by the ringing of the bell or otherwise. The conflicts in the testimony as to whether the street car stopped before it began the turn and whether or not the motorman sounded his bell were resolved in favor of plaintiff. Moreover the photograph taken at the scene of the accident shows the rear wheels of the automobile were almost in the center of the path of the street car.

Appellant's first assignment is that plaintiff was negligent and that her negligence contributed proximately to

cause her injuries. Under the facts recited the primary question for consideration is whether or not there was a question of fact with respect to the negligence of the parties to be determined by the trial court. Contributory negligence is a matter of law only when from the facts reasonable men can draw but one inference. If there was a fact properly to be left to the determination of the jury and if that fact was decided adversely to the defendant, the appellate court should not interfere with the judgment. Before the judgment could be appropriately and fairly upset we must be able to say as a matter of law that the plaintiff was negligent and that her negligence contributed to cause her injuries. Such is the holding of a long line of decisions. (*Smith* v. *Southern Pacific etc.*, 201 Cal. 57, 64 [255 Pac. 500]; *Zibbell* v. *So. Pac. Co.*, 160 Cal. 237 [116 Pac. 513]; *O'Farrell* v. *Andrus*, 86 Cal. App. 474, 481 [260 Pac. 957]; *Barlow* v. *Crome*, 44 Cal. App. (2d) 356 [112 Pac. (2d) 303], and authorities there cited.) That there was a question for the jury as to whether plaintiff was negligent is clear to any one not a partisan. Under the cited authorities it is not difficult to conclude as to the first assignment, that the facts were such that a finding of plaintiff's freedom from negligence was justified by the facts.

The authorities cited by appellant (*McHugh* v. *Market St. Ry. Co.*, 29 Cal. App. (2d) 737 [85 Pac. (2d) 467]; *Arnold* v. *S. F. Oakland T. Ry. Co.*, 175 Cal. 1 [164 Pac. 798]; *Flores* v. *L. A. Ry. Corp.*, 15 Cal. App. (2d) 576 [59 Pac. (2d) 856]) do not apply to the facts of the instant case. In each of them the facts definitely establish that the plaintiff was negligent and that his own negligence caused the injury.

█ It is next contended that the court erred in instructing the jury upon the doctrine of the last clear chance. No claim is made of any error in the instruction given by the court with reference to that doctrine. The instruction given follows precisely the instruction approved in *Girdner* v. *Union Oil Co.*, 216 Cal. 197 [13 Pac. (2d) 915]. Appellant's only contention is that the facts do not warrant the giving of such instruction at all. If the verdict was derived solely by reason of the application of the doctrine it was abundantly justified by the evidence. (*Girdner* v. *Union Oil, supra;* 2 Cal. Jur. 10-Yr. Supp. 176; *Palmer* v. *Tschudy*, 191 Cal. 696, 704 [218 Pac. 36]; *Hoy* v. *Tornich*, 199 Cal. 545, 553 [250 Pac. 565]; *Basham* v. *So. Pac. Ry. Co.*, 176 Cal. 320, 327 [168

Pac. 359] ; *Boynton* v. *Richfield Oil Co.*, 117 Cal. App. 699, 700 [4 Pac. (2d) 614] ; *Smith* v. *Los Angeles Railway Corp.*, 105 Cal. App. 657 [288 Pac. 690] ; *Bailey* v. *Wilson*, 16 Cal. App. (2d) 645, 649 [61 Pac. (2d) 68].)

Judgment is affirmed.

Wood, (W. J.), J., and McComb, J., concurred.