[Civ. No. 14314. First Dist., Div. Two. Aug. 31, 1950.]

EDWIN OVERACKER, Respondent, v. KEY SYSTEM .(a Corporation) et al., Appellants.

Donahue, Richards, Rowell & Gallagher and George E. Thomas for Appellants.

Elmer P. Delany and Martin J. Jarvis for Respondent.

DOOLING, J.—Plaintiff had judgment for personal injuries after a jury trial and defendants appeal. Taking the evidence most favorable to plaintiff, as is our settled duty, plaintiff with his wife approached the intersection of Union Street and Santa Clara Avenue in the city of Alameda. They were walking on the sidewalk on Union Street, plaintiff somewhat in advance of his wife, and when plaintiff arrived at the curb he looked to his left and saw the defendants' bus approaching on Santa Clara Avenue about 215 feet away. He took his eyes off the bus and stepped into the unmarked crosswalk leading across Santa Clara and had taken about six steps, without again looking toward the bus, when he was struck by it. The driver of the bus testified that he saw

plaintiff from the time that the bus was from 100 to 125 feet from the crosswalk.

Where a pedestrian looks in the direction of approaching traffic before stepping into the street and sees a vehicle approaching, if he misjudges its distance or its speed and proceeds, without again looking, into the street and is there struck by the vehicle the question whether or not he was guilty of negligence is one for the jury. (*White* v. *Davis,* 103 Cal.App. 531, 542 [284 P. 1086]; *Ladas* v. *Johnson's B. & W. Taxicab Co.,* 43 Cal.App.2d 223, 229 [110 P.2d 449]; *Sanker* v. *Humborg,* 48 Cal.App.2d 203 [119 P.2d 431]; *Goodwin* v. *Foley,* 75 Cal.App.2d 195 [170 P.2d 503]; other cases are collected in *Scott* v. *City & County of San Francisco,* 91 Cal. App.2d 887 at p. 890 [206 P.2d 45].)

Plaintiff and his wife testified that he was at all times in the unmarked crosswalk. If so the duty was cast on the driver of the bus to yield to the plaintiff. (Veh. Code, § 560a.) Whether in the failure to do so defendants were guilty of negligence was certainly a jury question. Plaintiff at one point testified that he last saw the bus after taking five or six steps into the street but on cross-examination he clearly testified that he observed the bus while on the sidewalk, then immediately stepped into the street and did not look toward the bus again after leaving the curb. The jury was entitled to accept this version.

The jury was instructed on the doctrine of last clear chance. Defendants' witnesses testified that plaintiff ran diagonally into the intersection in front of the bus. They argue that these facts are the only ones to which the last clear chance instruction could apply and that the time involved under that testimony was too brief for a *clear* chance to avoid the injury. The last clear chance instruction was not limited to the facts shown by defendants' witnesses. On the evidence "most favorable to plaintiff's case" (*Bonebrake* v. *McCormick,* 35 Cal.2d 16, 19 [215 P.2d 728]) he observed the bus 215 feet away and then without looking toward it again walked in the crosswalk to the point where he was struck. Under the cases above cited this left a jury question as to plaintiff's negligence. If the jury believed plaintiff's testimony, as we must assume, and found plaintiff guilty of negligence on that testimony then they might also find that the bus driver, observing a pedestrian proceeding across the path of the bus without looking toward it should have realized

that he was unaware of his peril and taken steps to avoid striking him. Unawareness of peril may bring the last clear chance doctrine into play, and this rule has been applied to negligently inattentive pedestrians crossing the path of vehicles over and over again. (*Center* v. *Yellow Cab Co.*, 216 Cal. 205 [13 P.2d 918] ; *Meincke* v. *Oakland Garage, Inc.*, 11 Cal.2d 255, 257-258 [79 P.2d 91] ; *Cooper* v. *Smith*, 209 Cal. 562, 565-566 [289 P. 614] ; *Darling* v. *Pacific Electric Ry. Co.*, 197 Cal. 702, 707 et seq. [242 P. 703] ; *Lee* v. *Market Street Ry. Co.*, 135 Cal. 293 [67 P. 765] ; *Ladas* v. *Johnson's B. & W. Taxicab Co., supra,* 43 Cal.App.2d 223, 229 ; *Bailey* v. *Wilson*, 16 Cal. App.2d 645 [61 P.2d 68] ; *Olson* v. *Combs*, 1 Cal.App.2d 260 [36 P.2d 708] ; *Baldock* v. *Western Union Tel. Co.*, 127 Cal. App. 141 [15 P.2d 199] ; *Moore* v. *Bishop*, 113 Cal.App. 25 [297 P. 580] ; *Bence* v. *Teddy's Taxi*, 112 Cal.App. 636, 642 [297 P. 128] ; *Atkins* v. *Bouchet*, 86 Cal.App. 294 [260 P. 828] ; *O'Farrell* v. *Andrus*, 86 Cal.App. 474, 482 [260 P. 957].)

■ The fact that plaintiff's negligence, if the jury found him negligent, was continuous to the time of the injury does not prevent the application of the last clear chance doctrine. It is pointed out in many of the cases above cited that in every case of negligent unawareness plaintiff's negligence continues to the very time of the injury, but if the elements of the last clear chance doctrine are present that rule nonetheless applies. (*Girdner* v. *Union Oil Co.*, 216 Cal. 197, 203-204 [13 P.2d 915] ; *Center* v. *Yellow Cab Co., supra,* 216 Cal. 205, 207-208 ; *Paolini* v. *City & County of S. F.*, 72 Cal.App.2d 579, 586-587 [164 P.2d 916] ; *Gillette* v. *City of San Francisco*, 58 Cal.App.2d 434, 439-441 [136 P.2d 611] ; *Bailey* v. *Wilson, supra,* 16 Cal.App.2d 645, 649-650 ; *Baldock* v. *Western Union Tel. Co., supra,* 127 Cal.App. 141, 144.)

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.