[Civ. No. 4185.   Fourth Dist.   Jan. 4, 1952.]

RAUL LUNA, Appellant, v. RAY AMES, Respondent.

Marjorie Mize for Appellant.

No appearance for Respondent.

BARNARD, P. J.—This is an action for damages for personal injuries.   The accident happened on Highway 101 in the city of San Clemente, a short distance west of the intersection of that highway with a city street.   At 12:30 a. m. on December 12, 1948, the plaintiff was walking across this highway from the south side to the north side when he was hit by defendant's automobile, which was going west in the northerly of the two westbound lanes.   The court found that each of the parties was guilty of negligence and entered a judgment for the defendant, from which the plaintiff has appealed.

The only point raised is that it appears, as a matter of law, that the appellant is entitled to a judgment under the last clear chance doctrine.   The appellant cites *Gillette* v. *City of San Francisco*, 58 Cal.App.2d 434 [136 P.2d 611];

*Girdner* v. *Union Oil Co.*, 216 Cal. 197 [13 P.2d 915] ; *Bragg* v. *Smith,* 87 Cal.App.2d 11 [195 P.2d 546], and similar cases, in which judgments for the plaintiff were sustained under that doctrine. While this doctrine is sometimes applied in automobile cases these usually present close questions of fact with respect to the elements of time and distance within which preventive action could have been taken.

The evidence here was conflicting as to a number of matters affecting the situation, including the speed of the car, whether the appellant was crossing this highway at a marked crosswalk, whether or not it was raining, whether a street light and other lights were burning, and whether conditions existed which prevented the respondent from swerving to the right or left. In view of the finding in respondent's favor the evidence must be viewed on this appeal in the light most favorable to him. (*Gillette* v. *City of San Francisco,* 58 Cal.App. 2d 434 [136 P.2d 611].) It thus appears that the appellant was crossing this highway at an angle some 20 feet westerly from a marked crosswalk; that when the respondent was 70 feet away he saw the appellant running across the street; that respondent thought the appellant would keep on running and get across, and slowed down to give him a chance to do so; that at the last moment the appellant stopped and stood still when he was nearly across the highway; and that the conditions of time and place were such that the respondent was unable to swerve either way.

The appellant contends that although there was a parked car to respondent's right certain exhibits which were admitted in evidence showed that he could have swerved a foot or two to the right, which would have been sufficient. Not only does this involve a conflict in the evidence but the appellant has failed to produce these exhibits as a part of the record here.

Under the circumstances of this case, the question presented was, and is, a factual one and it cannot be held, as a matter of law, that the appellant was entitled to recover regardless of any negligence on his part.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.