[Civ. No. 5032.   Fourth Dist.   Jan. 14, 1955.]

MARIE STORY et al., Appellants, v. CARL ARTHUR COX, JR., Respondent.

Richmond, Bradley & Barnes and Robert S. Barnes for Appellants.

Head, Jacobs, Corfman & Jacobs for Respondent.

GRIFFIN, J.—A jury verdict resulted in a judgment denying plaintiffs damages in a wrongful death action. The only question involved is whether, under the evidence, the court committed prejudicial error in refusing plaintiffs' instruction based on the doctrine of last clear chance, and one in the language of B.A.J.I. No. 205, bearing on the same doctrine. The record comes to us under a settled statement. There is very little conflict in reference to the facts.

The accident happened on April 18, 1951, about 7:20 in the evening, at the intersection of Lampson and West Streets, in the rural section of Orange County near Garden Grove. West Street runs generally in a north-south direction and is divided into two 9-foot lanes. Lampson runs in an east-west direction and is divided into 8-foot 5-inch lanes with 3 to 5 foot shoulders on each side of both streets. There were orange groves on all four corners of the intersection. One's view in a northerly direction as he approached the intersection traveling westerly on Lampson Street, if possible at all, was limited to a great extent by the trees and a residence on that corner. A police officer described the intersection as a blind intersection as to all four corners, and the photographs in evidence so indicate. Signs were posted warning of a 15-mile per hour speed limit, but no stop signs were indicated. Defendant's automobile, a 1947 Buick convertible, was traveling west on Lampson Street. The deceased, Donald L. Story, was driving a 1950 Dodge sedan south on West Street. Judging from the gouge marks in the pavement, defendant's car struck the left front side of plaintiffs' car at a point 16 inches west of the center line of West Street and 10 inches north of the center line of Lampson Street. Defendant's car came to rest in an upside-down position at the southwest corner of the intersection and plaintiffs' car, which Mr. Story, the deceased, was driving, remained upright in the same area.

Plaintiffs offered in evidence the deposition of defendant Cox. Therein he testified he was approaching West Street on Lampson Street about 30 miles per hour; that as he approached the intersection he began slowing down; that although it was cloudy he could see a quarter of a mile; that he did not observe the 15-mile per hour caution sign; that he

saw no headlights from another car or reflection from them prior to entering the intersection; that as he entered it he was going "very close to 15 miles per hour"; that when his car was in the intersection he saw two headlights to his right; that he put his foot in the air so he could step on the accelerator or the brake, whichever the occasion might require, but by the time he could react to this occasion the impact happened, "it was that quick"; that plaintiffs' car was traveling at 50 miles per hour about 15 feet from the intersection; that he observed Mr. Story's face and Story was looking straight ahead and his car was not slowing down.

Defendant Cox testified that although he had never tried it, he believed he could bring his car to a stop, going 15 miles per hour, in about 20 feet. No skid marks from either car were discernible on the highway.

A police officer testified as an expert witness for plaintiffs that a 1947 Buick automobile in good repair traveling at 15 miles per hour under the conditions there shown could be stopped in a distance of 18.7 feet, including reaction time.

Defendant, testifying in his own behalf, said he was traveling about 30 miles per hour on Lampson, in the twilight of the evening and his headlights were burning; that "it was a time of the evening when lights don't have much effect because it isn't dark enough and it isn't light enough to see good yet"; that as the front of his car was just entering the intersection he, for the first time, observed the automobile that collided with his in the northwest portion of the intersection; that the Story car did not decrease its speed at any time before the impact, and no horn or other warning was heard; that the time between the point where he first saw the Story car and the collision was a "split second."

As authority for the contention that the doctrine of last clear chance was applicable, plaintiffs rely upon such cases as *Girdner* v. *Union Oil Co.,* 216 Cal. 197 [13 P.2d 915]; *Sills* v. *Los Angeles Transit Lines,* 40 Cal.2d 630 [255 P.2d 795]; *Peterson* v. *Burkhalter,* 38 Cal.2d 107 [237 P.2d 977]; *Buck* v. *Hill,* 121 Cal.App.2d 352 [263 P.2d 643]; and *Bonebrake* v. *McCormick,* 35 Cal.2d 16 [215 P.2d 728]. They contend that under the evidence and within the time and space limitations available to defendant, he had two alternatives, one, he could have applied his brakes and avoided the accident, or, two, he had the further alternative of swerving to his right or left, and that either alternative would have been reasonable under

the circumstances; and that accordingly the doctrine of last clear chance applied.

The cited cases upon which plaintiffs rely are factually distinguishable. ██ This court fully discussed the question of the application of this doctrine under a similar set of circumstances in *Dalley* v. *Williams*, 73 Cal.App.2d 427 [166 P.2d 595], and we there held that the doctrine presupposes time for effective action and that it is not applicable where the emergency is so sudden that defendant does not have time to avoid the accident; that in order to invoke the doctrine, there must be evidence that defendant had knowledge of the fact that plaintiff was in a dangerous situation from which he could not extricate himself by the exercise of ordinary care and, at that time, defendant had a clear chance to avoid injuring plaintiff by exercising ordinary care and failed to do so. It was there stated that although negligence and the application of the last clear chance doctrine are ordinarily questions for determination of the jury, a judgment founded on the doctrine cannot be upheld where there is no substantial evidence in the record to support it. ██ To the same effect is *Rodabaugh* v. *Tekus*, 39 Cal.2d 290 [246 P.2d 663], where it is said that the doctrine of last clear chance should not be applied in a case involving a collision of moving vehicles where the act creating the peril occurs practically simultaneously with the happening of the accident and where neither party can fairly be said to have had a last clear chance thereafter to avoid the consequences; that defendant's chance to avoid the accident must have come later in point of time than any similar chance on the part of the injured person, and that he must have had more than a bare possible chance to avoid an unexpected peril created practically simultaneously with the happening of the accident by the negligence of the injured party.

Under the evidence produced there was no substantial evidence which would have supported a verdict for plaintiffs based on this doctrine. No prejudicial error resulted in refusing the proffered instructions.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.