[Civ. No. 16555. First Dist., Div. One. May 14, 1956.]

GRACE GRANT CLARK, Appellant, v. OTTO
VIEROTH, Respondent.

Paul Friedman for Appellant.

Healy & Martin for Respondent.

BRAY, J.—Plaintiff appeals from a judgment on a jury verdict in favor of defendant in an action for personal injuries sustained when plaintiff was struck by defendant's car.[1]

## QUESTIONS PRESENTED

1. Alleged error in excluding evidence to show plaintiff's lack of familiarity with changes at the street intersection.

2. Refusal to instruct on difference between burden of proof in civil and criminal cases.

3. Alleged error in last clear chance instructions.

4. Alleged misconduct of defendant's counsel.

## FACTS

Plaintiff, a woman 64 years old, dressed in a powder blue coat and using a cane, was crossing Van Ness Avenue between Market and Fell Streets, San Francisco, about 12:30 a. m. She testified that she never saw the car which struck her and that she was crossing in the marked crosswalk at Market and Van Ness Avenue. However, a police officer who saw the accident testified that she was crossing Van Ness approximately 40 feet north of that crosswalk. In the center of the street there is a concrete island extending from Market to Fell. When plaintiff had approached within 3 to 6 feet of that island, she was struck by a car driven by defendant, a man 75 years of age, suffering from an optical disability in one eye. He did not see her until she stepped in front of him, although his car lights were on and the area was well lit. He claimed that she suddenly came out in front of a moving car proceeding alongside him on his right. The officer testified there were no other vehicles near defendant's. After the accident defendant told him that he thought plaintiff had stepped off the island to his left. (She actually came from his right.) Plaintiff contends that the sole proximate cause of the accident was defendant's failure to see plaintiff or to stop after seeing her. However, it is obvious that plaintiff's conduct in crossing a well traveled street outside a marked crosswalk at that hour at night without observing defendant's

---

[1]Plaintiff also attempts to appeal from the order denying a new trial. As no appeal lies from such order, that purported appeal must be dismissed.

oncoming car could have been found by the jury (and it evidently was so found) to be at least a proximate cause of the accident.[2]

1. *Exclusion of Testimony.*

On direct examination by plaintiff, the police officer testified that the concrete island in the center of Van Ness Avenue had been constructed in 1952.[3] The court sustained defendant's objection to plaintiff's question, evidently intended to show that prior to 1952 there had been a marked crosswalk at about the place where plaintiff was crossing this night. Later, in chambers, plaintiff offered to prove[4] that prior to the accident she had been away from San Francisco for approximately two years, and that when she formerly was in San Francisco there was a marked crosswalk at the place of the accident. The court ruled this evidence inadmissible. Plaintiff contends that this evidence could have been considered by the jury as an excuse for plaintiff's violation of the city ordinance which prohibited pedestrians crossing the street at any place except in a marked crosswalk, where such crosswalk exists, a violation of which ordinance the court instructed the jury would raise a rebuttable presumption of negligence *per se.*[5] No one has the right to assume that the layout of crosswalks in a street will always be the same, any more than to assume that a street open to two-way traffic today will not become a one-way traffic street tomorrow. Therefore, no one has the right to assume without looking that the crosswalk situation at a particular place is the same today as it was previously, particularly as it was more than a year past. Failing to observe the change because of an absence from the city over a period of time could not possibly be an excuse for violating the ordinance requiring the use of the crosswalk. Moreover, here, the plaintiff was not excusing her conduct on the ground that she was crossing where she formerly knew a

---

[2] It may be significant in this respect that only 11 minutes elapsed from the time the jury left the courtroom until it returned with a defendant's verdict.

[3] This accident occurred July 24, 1953.

[4] The offer of proof is equivocal. We are construing it most favorably to plaintiff.

[5] In her opening brief plaintiff (omitting a portion of it) criticized that instruction. At argument, however, plaintiff conceded the correctness of the instruction and withdrew her objection to it. The instruction is similar to that approved in *Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581 [177 P.2d 279], and *Combs* v. *Los Angeles Ry. Corp.*, 29 Cal.2d 606 [177 P.2d 293].

crosswalk to be. She insisted that she was actually using the Market Street crosswalk which is about 40 feet from the one that previously existed. The court properly rejected the evidence.

### 2. *Refused Instructions.*

Plaintiff contends generally that the court erred in refusing to give instructions offered by her. Except as hereafter mentioned she points to no particular instruction. We have examined all her proposed instructions (although we are not required to do so where no specification is made). We find no offered instruction which should have been given but was refused, which was not covered by the instructions given.

■ The only refused instructions specifically referred to by plaintiff are those on the difference in burden of proof in civil and criminal cases. Plaintiff has cited no authority requiring the court to so instruct. The instructions on burden of proof in this, a civil case, were full and complete. We see no error in refusing to discuss burden of proof in criminal cases.

### 3. *Last Clear Chance Instructions.*

■ The court gave two instructions on last clear chance, BAJI Numbers 205 and 205-A. Plaintiff concedes that these are ''technically correct'' but seems to think that 205-A states that if a plaintiff continues to be negligent up to the moment of the impact he cannot recover from the driver of a car who failed to exercise the last clear chance even though the plaintiff's contributory negligence was not a proximate cause of the accident. The instruction does not so state. It bars recovery by the plaintiff only if her continuing negligence is a proximate cause of the accident, and is in line with the statement in *Girdner* v. *Union Oil Co.*, 216 Cal. 197, 203-204 [13 P.2d 915] : ''The real question to be determined in considering cases of the character of the one here involved is whether or not the so-called continuing negligence is the proximate or remote cause of the injury, which question is determined by the application of the principles of the doctrine of the last clear chance itself. Stated in another way, contributory negligence of the party injured is not the proximate cause of the injury, as the negligence of the defendant being later it constitutes the sole proximate cause.'' The instruction in no way is contrary to the holding in *Overacker* v. *Key System*, 99 Cal.App.2d 281, 284 [221 P.2d 754] : ''. . . in

every case of negligent unawareness plaintiff's negligence continues to the very time of the injury, but if the elements of the last clear chance doctrine are present that rule nonetheless applies.''

4. *Conduct of Defendant's Counsel.*

 Plaintiff makes the broad statement that in defendant's ''summation . . . it was made to appear that plaintiff had a burden of proof similar to that of a prosecutor in a criminal case . . .'' We have read the entire summation and we find no justification for this statement. There are only two remarks specifically pointed out by plaintiff to support this contention: the first, a statement by defendant in his closing argument referring to plaintiff's charge that defendant was negligent, to the effect that such a charge is easily made and difficult to disprove. Plaintiff argues that this remark is always made to a jury in a sex case and hence making it here gave this case a criminal case aspect. We fail to see any such connotation. Secondly, defendant's counsel stated in argument that defendant was not at fault as he was not cited for any violation by the officer who witnessed the accident. No objection to this remark nor the one above mentioned was made by plaintiff nor was the court's attention called to them. See *Estate of Hart,* 107 Cal.App.2d 60, 70 [236 P.2d 884], and *People* v. *Harmon,* 89 Cal.App.2d 55, 61 [200 P.2d 32], for necessity of assigning alleged misconduct as error and of requesting the trial court to instruct the jury to disregard it. Moreover, we fail to see in the defendant's remarks any intimation to the jury that plaintiff's burden was that of a prosecutor in a criminal case.

The purported appeal from the denial of the motion for new trial is dismissed. The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.