[Civ. No. 9117. Second Appellate District, Division One.—June 17, 1935.]

ROBERT WANTZ, a Minor, etc., et al., Respondents, v. E. R. AMMONS, Appellant.

Lee A. Solomon for Appellant.

Kiggens & Hoffman for Respondents.

ROTH, J., *pro tem.*—Respondent Wantz, at about midnight on May 27, 1932, was operating his automobile in a westerly

direction on Foothill Boulevard as he approached the confluence of San Bernardino Road with Foothill Boulevard. Foothill Boulevard east of and up to the point of confluence runs in a general easterly and westerly direction. Immediately prior to the point of actual contact between the two boulevards, Foothill Boulevard commences to curve gradually to the northwest so that at the point of contact between the two roads Foothill Boulevard is already bowed to the north, the northerly direction becoming more accentuated as one leaves the point of contact traveling from east to west, so that in continuing on Foothill Boulevard after the point of contact has been reached one actually travels to the northwest. Except for the name, San Bernardino Road is in reality a continuation in a direct westerly direction of Foothill Boulevard, as one travels from east to west. The other respondents were passengers in the car driven by Wantz.

As Wantz approached the juncture of the two roads he saw the car of defendant Ammons traveling on Foothill Boulevard from the northwest to the southeast at a point approximately 500 feet from a viaduct or underpass (referred to in the evidence as a culvert), which was at a point approximately near where San Bernardino Road joins Foothill Boulevard and marks a spot near which the actual collision between the two automobiles took place. When appellant's automobile was at a point approximately 200 feet northwest of the viaduct, respondent Wantz concluded he was traveling between 40 and 45 miles per hour. At the time that Wantz saw appellant approximately 500 feet northwest of the viaduct, he (Wantz) was approximately 150 to 160 feet east of the culvert traveling at between 20 and 25 miles per hour in a westerly direction on Foothill Boulevard "approximately straddle of the north line of the center lane". As Wantz approached the point of contact of the two roads, he operated his car gradually to the left, continuing in that manner until within approximately ten feet of the point of collision. With reference to what actually happened just prior to the collision, the testimony of Wantz was:

"Q. Notwithstanding that fact, and the fact that you were looking at it all the time, as I understand, you did not swerve your car to the right? A. I did not? Q. Yes. A. Yes, when we were within ten feet of hitting each other I swerved. . . . Q. You did, when you were ten feet from the point of

impact, swerve back toward the north for the first time; is that right? A. Yes. Q. All right. A. If I hadn't, I would have hit the culvert. There wouldn't have been room for both of us.''

The undisputed evidence thereafter established that the collision took place off the surface of either highway, the actual impact being off the southerly edge and on the dirt shoulder contiguous to the southerly edge of San Bernardino Road.

 Appellant analyzes the evidence extensively and in great detail in his brief, but it would serve no purpose to go into further detail here since from the foregoing facts, which are undisputed, aided as they were by conflicting evidence, the jurors had a right to conclude, as they evidently did, and the evidence substantiates the conclusion that: Wantz reached the junction of the roads first; that he was justified in proceeding to the juncture thereof even though he saw the Ammons car approaching; that he actually was on San Bernardino Road and had without question the right of way prior to the collision; that there was ample room to the right of Wantz for Ammons to pass (there being no testimony of other automobiles or vehicles on the road at or near the scene of the accident at the time thereof); that Ammons, if he had exercised any care at all, would have so altered the course of his automobile as to pass Wantz on the right; that Wantz had every reason to believe that he would be passed on the right; that Wantz was free from any negligence and that the collision was proximately caused by the sole negligence of defendant Ammons.

 The only other question of importance raised arises from the fact that the court gave an instruction on the doctrine of last clear chance. The context of this instruction is not criticised, but the fact that it was given at all is. From the conflicting evidence in the case, it could have been concluded that appellant Ammons and not respondent Wantz was first in the intersection of the two roads; that despite this fact respondent Wantz negligently proceeded to operate his automobile west and to the left as he traveled on Foothill Boulevard in an endeavor to reach the contact portion of San Bernardino Road first; that in doing so, he approached the walls of the viaduct in the face of a vehicle coming from the opposite direction, thus locking his car in without any

chance of escape by the use of ordinary care; and that appellant Ammons had ample time to see the situation and was, or should have been, aware of it, or that appellant realized, or ought to have realized, the inability of Wantz to escape from the same, and that by the use of ordinary care Ammons had a last clear chance to avoid the collision. Under such circumstances an instruction on the doctrine of the last clear chance is proper. The conflicting evidence suggests room for the application of the doctrine of last clear chance and the question of whether it did apply depends upon what version of the evidence the jury believed, and the further question of whether the appellant ''did or did not do all that he could reasonably have been expected to do to avoid the collision (was) solely for the jury's determination''. (*Lawrence* v. *Goodwill*, 44 Cal. App. 440, 450 [186 Pac. 781]; *Palmer* v. *Tschudy*, 191 Cal. 696 [218 Pac. 36]; *Young* v. *Southern Pacific Co.*, 189 Cal. 746 [210 Pac. 259].)

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.