[Civ. No. 10971. Second Appellate District, Division Two.—October 1, 1936.]

THOMAS BAILEY et al., Respondents, v. JERRY WILSON, Appellant.

George L. Greer and Horace W. Danforth for Appellant.

A. G. Van Deventer for Respondents.

CRAIL, P. J.—This is an appeal in a personal injury action from an order of the superior court granting a new trial on the ground of "errors of law" after a verdict in favor of the defendant. The defendant assigns as error the abuse of the court's discretion in granting the new trial. The court refused to give to the jury instructions requested by the plaintiffs, covering the doctrine of last clear chance, and the sole question necessary for determination on this appeal is whether the court should have instructed the jury on this doctrine. If the court should have done so the order must be affirmed.

The statement of facts set forth below is taken from the defendant's brief although it is somewhat boiled down: The accident occurred at night upon a boulevard in South Pasadena which had been newly paved with asphalt and crushed rock, making the surface thereof black in color. Decedent, dressed in black, was going in a southerly direction across Pasadena Avenue at a place where there was no intersection, crosswalk or pedestrian crossing. Defendant was driving in a westerly direction on Pasadena Avenue down a 5 per cent grade. He testified that he was traveling not as fast as 30 miles an hour; that he became aware of something in the roadway in front of him but did not identify it as a human being until he was within 12 or 15 feet; he then determined it was a woman walking slowly away from him and facing southwest; she gave no evidence of hearing the sound of the wheels which were then screeching; he applied his brakes with full force and kept them

so applied until his car came to a stop. He veered his car slightly to his right. When he applied his brakes and locked the wheels of his car, it began to skid and the tires screeched. The skid-marks made by the tires were measured by a police officer and another witness for plaintiffs soon after the accident, and were found to extend back from the place of impact for a distance of 56 feet. The car stopped practically at the point of impact, moving not over a foot thereafter. Decedent was struck by the left, front fender of defendant's car. Defendant testified that his car tripped the decedent rather than struck her; and that he believed that he would not reach her at all, but expected to stop short of her. The tires and lights of defendant's car were in good condition. The police officer examined defendant's car after the accident, and found no damage to it, not even a scratch. The inspection of the autopsy surgeon showed that, aside from a laceration on the inside of the right thumb, there were no injuries or marks on the body of decedent, except on the head, death being due to a brain concussion. The husband of the decedent testified that prior to the accident his wife was in good health; that she had no deformities of any sort; that her hearing and eyesight were good; and that her powers of locomotion and her ability to walk were pretty good for a woman of her weight.

Whether the doctrine of last clear chance is applicable depends entirely upon the existence or nonexistence of the elements necessary to bring it into operation, and whether such elements exist or do not exist is ordinarily a question of fact to be determined by the fact-finder. We shall not encumber this opinion by attempting to restate the essential elements of the doctrine. For a statement of them see *Girdner* v. *Union Oil Co.*, 216 Cal. 197 [13 Pac. (2d) 915]; also Vol. 2, Cal. Jur. Ten-Year Supp., p. 176. It should be remembered that the question for this court to determine is not whether defendant should have been held for damages under the doctrine, but whether there was any substantial evidence, in the facts and circumstances in evidence and in the presumptions arising by law and the inferences reasonably to be drawn therefrom, of each of the elements.

The defendant contends that the rule does not apply for the reason that decedent was aware of her danger and able to escape but neglected to do so. He says: ''In the instant case, since there is no evidence whatever upon the point, it is to be presumed that before entering Pasadena avenue at all, in the exercise of due care, the deceased looked in the direction from which traffic might be expected. . . . Having looked, she must have seen the lights of the approaching car, since, it is undisputed that her eyesight was good.'' He relies greatly upon *Palmer* v. *Tschudy,* 191 Cal. 696 [218 Pac. 36], from which he quotes at length, but he particularly relies upon the following sentence: ''If, being aware of the danger and able to escape it by exercising ordinary care, she neglects to do so, she cannot invoke the last clear chance rule to place the burden of the resulting loss upon the other party.'' Obviously *if* being aware of the danger and able to escape it by exercising ordinary care the decedent neglected to do so, plaintiffs cannot invoke the rule. Plaintiffs contend that the decedent was wholly unaware of her danger and in that regard the question before this court is whether there is any substantial evidence to sustain this element of unawareness. There is no direct evidence that decedent was aware of her danger and there are circumstances in evidence, including her conduct, to indicate that she was not aware of her danger. The defendant contends that since the decedent's hearing was good and her eyesight was good that she must have seen the lights of the approaching car and that she must have heard the screeching of the brakes and tires of defendant's car and that the conclusion is inescapable that the decedent was abundantly aware of the approach and proximity of the defendant's car. This argument should be presented to the fact-finder and might be persuasive. It is not for us to weigh the evidence and determine where the preponderance lies.

The defendant contends that there was no evidence that he knew or in the exercise of ordinary care should have known that decedent could not escape from her situation of danger. It has been said that ''where the evidence shows that the victim was standing or walking in the highway with his back turned toward the oncoming vehicle, the danger of his being struck by the car or truck may be held to

have been obvious." (Vol. 2, Cal. Jur. Ten-Year Supp., p. 189.) We do not go so far, but at least it is a question for the fact-finder. "Where it appears that the victim was in the path of the vehicle and plainly visible to the driver, the trier of facts may properly conclude that the driver 'must have seen' him. Hence, the jury may be instructed as to the Doctrine of Last Clear Chance although there is no direct evidence that the defendant actually knew of the victim's presence in the roadway, and, indeed, although he may have testified that he did not see the victim in time to avert the collision." (Vol. 2, Cal. Jur. Ten-Year Supp., pp. 189, 190.)

As to the element of "a clear chance" the defendant in his closing brief says: "The gist of respondents' contentions here, the matter upon which they chiefly recur, is, that, if appellant had 'veered or swerved' his car a matter of 'a foot or less' to the right, the accident would not have happened (pp. 10, 13). True it is that the margin between safety and accident was as slight as that in this case. As has been seen, appellant's car only brushed and tripped the deceased. Upon this, respondents base their final contention that, not having made this swerve, the appellant is, thereby, and without more, guilty of negligence. . . . Now, in the face of that picture, the respondents attempt to contend that, because it subsequently transpired that the accident could have been averted by appellant swerving 'a foot or less' to his right, he is *ipso facto* chargeable with negligence, and established to have had 'a last clear chance'." Again, it should be borne in mind that the question of negligence is ordinarily one for the fact-finder and it is for the jury to weigh the defendant's oral testimony along with all the other facts and circumstances in evidence, including the defendant's testimony as to what he saw and what he believed and thus determine the truth. On the motion for a new trial the question was merely— was there any substantial evidence of each and all of the elements essential under the last clear chance rule?

■ It is also the contention of the defendant that since the decedent was guilty of negligence which continued right up to the collision the plaintiffs cannot recover. This contention is fully answered in the case of *Girdner* v. *Union Oil Co., supra.* In that case the court held that it was not

a sufficient defense that decedent was guilty of "continual negligence", but that it was essential also that such negligence be a proximate cause of the injury. "If . . . defendant is able to avoid injuring the negligent plaintiff, and negligently fails to do so, plaintiff's original though continuing negligence only remotely contributes to the injury, and is not the proximate cause thereof." Under the circumstances of this case it is a question of fact for the jury.

It is our conclusion that the instructions covering the doctrine of last clear chance should have been given, and that the trial court did not abuse its discretion in granting a new trial.

Order affirmed.

Wood, J., and Gould, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 30, 1936. Thompson, J., voted for a hearing.