[Civ. No. 11841. Second Appellate District, Division Two.—July 26, 1938.]

ELEANOR H. SMITH, a Minor, etc., et al., Appellants, v. JOHN C. AGGOLA et al., Respondents.

Daniel A. Knapp for Appellants.

Kenneth J. Murphy for Respondents.

CRAIL, P. J.—This case arises out of another automobile collision and is an appeal by the plaintiffs from a judgment in favor of the defendants founded upon the verdict of a jury. █ It is our duty on appeal to view the evidence in the light most favorable to the defendants (respondents.) █ The plaintiffs, just prior to the collision, were busily engaged in looking backwards toward a man at a parked car but did not turn in front of defendant's truck until the defendant's truck was so close that in the exercise of ordinary care the defendant could not help but collide with the plaintiffs' car.

The mere fact that the defendant truck driver observed the movement of the coupe at all times did not charge him with notice that the driver of the coupe would turn directly across his path and expose herself to danger at a time and distance which would make a collision unavoidable. (*Curtis* v. *Pacific Elec. Ry. Co.*, 15 Cal. App. (2d) 580 [59 Pac. (2d) 890];

*Rasmussen* v. *Fresno Traction Co.,* 15 Cal. App. (2d) 356 [59 Pac. (2d) 617] ; *Korchak* v. *Pacific Elec. Ry. Co.,* 9 Cal. App. (2d) 89 [48 Pac. (2d) 752] ; *Palmer* v. *Tschudy,* 191 Cal. 696 [218 Pac. 36].) ▇ If the jury accepted the testimony of defendant Aggola and the witness Bray, which it apparently did, that the truck was on its own proper side of the highway, traveling at a speed of eighteen or twenty miles an hour, and entered the intersection and was almost to the extended center line of Manuel Avenue before the coupe crossed from the west half of Cota Avenue, then there is not any ground for a finding of negligence on the part of the truck driver. (*Moss* v. *Stubbs,* 111 Cal. App. 359 [295 Pac. 572, 296 Pac. 86] ; *Keyes* v. *Hawley,* 100 Cal. App. 52 [279 Pac. 674].)

▇ Furthermore, the court instructed the jury that the negligence of Eleanor Smith could not be imputed to Marcella Smith, who was a passenger of her older sister Eleanor, and that if the defendant Aggola and plaintiff Eleanor H. Smith were negligent and their negligence proximately caused the accident, the verdict should be in favor of the defendants and against the plaintiff Eleanor Smith, but in favor of Marcella Smith for any injury she may have sustained arising from the accident. In the face of this instruction the jury returned a verdict against Marcella Smith, and there can be no doubt that the jury determined that the defendant Aggola was without negligence in the operation of the truck and that the negligence of Eleanor H. Smith was the sole proximate cause of the collision.

▇ The first and primary contention of the plaintiffs is that they are entitled to a judgment under the doctrine of the ''last clear chance'', and they present in their brief a jury argument on that point, which is obviously impossible if this court is to accept the evidence in the light most favorable to the defendants. The question of whether or not the doctrine of last clear chance would apply depended upon which version of the evidence the jury believed and whether the jury believed that the defendant did all that he could reasonably have been expected to do to avoid the collision after discovery of the peril of the plaintiffs. This question was for the jury's determination. (*Wantz* v. *Ammons,* 7 Cal. App. (2d) 643, 646 [46 Pac. (2d) 210] ; *Lawrence* v. *Goodwill,* 44 Cal. App. 440, 450 [186 Pac. 781].)

■ The plaintiffs next contend that there was prejudicial error in the admission of the evidence of Engineer Bramble, including exhibit "F", which is a small drawing of the intersection made by the same engineer, who surveyed and drew the large map, defendants' exhibit "A", and inserted the skid marks on exhibit "F" which he found four days after the collision. The map corroborated the testimony of Captain Stroh diagraming the tire marks of the coupe on the large map, who testified the skid marks were on the pavement immediately after the collision. Appellants do not deny the accuracy of the map or that the tire marks indicated on it are the identical marks made by the coupe at the time of the collision. There was no prejudicial error in admitting this evidence.

■ The plaintiffs next contend that the court erred in its instruction on the last clear chance doctrine in that it did not include the explanatory statement appearing in *Girdner* v. *Union Oil Co.*, 216 Cal. 197, 202 [13 Pac. (2d) 915]. The language of the opinion in that case discussing the doctrine of last clear chance is: "The necessary elements, as deduced from the well-considered cases, may be stated in substance as follows: That plaintiff has been negligent and, as a result thereof, is in a position of danger from which he cannot escape by the exercise of ordinary care; *and this includes not only where it is physically impossible for him to escape, but also in cases where he is totally unaware of his danger and for that reason unable to escape; . . .* " And the plaintiffs contend that the italicized portion of the above should have been included in the court's instruction. The court gave a stock instruction on the last clear chance doctrine. The italicized portion of the foregoing statement adds nothing to the second element of the last clear chance, and while it could not be objectionable in an instruction in a proper case, it is only an explanatory statement specifying one of the conditions under which the plaintiff may be unable to escape. The language was not incorporated in the instruction requested by the plaintiffs, so the plaintiffs cannot rightfully complain in this regard. (*Creamer* v. *Cerrato*, 1 Cal. App. (2d) 441, at 445 [36 Pac. (2d) 1094].)

■ The plaintiffs further contend that several instructions were erroneous, but the plaintiffs have wholly failed

to comply with section 3 of rule VIII, Rules for the Supreme and District Courts of Appeal, which provides that where instructions given to a jury are attacked as erroneous, all other instructions given bearing upon that subject must be printed in full in the appellants' brief, and for that reason we will not discuss them separately. It is sufficient to say that we have examined them carefully and there is no reversible error in any of the instructions.

Finally, the plaintiffs contend that the verdict as to Marcella M. Smith was against the law. We have already answered this contention in our statement of the case.

Judgment affirmed.

Wood, J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 15, 1938, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 21, 1938.