[Civ. No. 12134.   First Dist., Div. Two.   Oct. 26, 1942.]

JOHN PIRE, a Minor, etc., et al., Appellants, v. GLADDING McBEAN & Co. (a Corporation) et al., Defendants; GENE MORRISON et al., Respondents.

George Olshausen and John K. Hagopian for Appellants.

Bronson, Bronson & McKinnon for Respondent Hickey.

J. T. Blalock for Respondent Morrison.

SPENCE, J.—Plaintiffs, as the surviving wife and minor children of Lawrence Pire, deceased, sought to recover damages for the death of said deceased. Upon a trial by jury, the court directed a verdict in favor of defendant Gene Morrison, the alleged employer of defendant Charles Hickey, and the jury returned its verdict accordingly. The jury also returned a verdict in favor of defendant Charles Hickey upon the issues submitted to it with respect to said defendant. Judgments were entered upon said verdicts and plaintiffs appeal from said judgments.

APPEAL FROM JUDGMENT IN FAVOR OF
DEFENDANT CHARLES HICKEY.

Plaintiffs urge the following grounds for a reversal of the judgment in favor of defendant Charles Hickey: First, that the trial court erred in refusing to instruct the jury on last clear chance; second, that the trial court erred in instructing the jury on imminent peril; and third, that the trial court erred in excluding a purported map of the scene of the accident. The consideration of these grounds requires a brief summary of the evidence.

The accident occurred at about 2 a. m. on the morning of August 22, 1939, at a point on U. S. Highway 99 about 7 miles north of the city of Lodi in San Joaquin County. Both vehicles involved were proceeding in a southerly direction on the right side of said highway. Deceased's car was a Star Durant automobile and defendant was driving a heavy truck or tractor, with a semi-trailer and trailer loaded with peaches. The highway near the scene of the accident was straight and practically level.

Deceased had had some difficulty with his car and, after stopping the same, he had attempted to start it with the self-starter and also with the hand-crank but without success. Deceased and his passenger then attempted to start the car by pushing it along the highway and they were so engaged when defendant Hickey's truck collided with the rear end of the

deceased's car. Deceased, who had been pushing the car from the left side near the steering-wheel, was killed.

Defendant Hickey testified that he was travelling at about 25 miles per hour; that he first saw the car of the deceased when he was about 30 to 40 feet from it; that the tail light of deceased's car was not lighted; and that upon seeing said car he applied his foot brake and pulled to the left but nevertheless struck the left rear end of said car.

There was other testimony, however, bearing upon the questions presented by the appeal. There was testimony that the tail light of deceased's car was lighted; that the night was perfectly clear; that there were no other vehicles in the vicinity at the time the accident occurred; and that defendant Hickey's headlights would reveal objects on the highway at a distance of 200 to 250 feet.

There is no dispute between the parties concerning the essential elements which must be present in order to warrant the application of the last clear chance doctrine. The particular element to which attention must be directed here is set forth in *New York Lubricating Oil Co.* v. *United Railroads,* 191 Cal. 96 [215 P. 72], where it was said at page 101: "It is a well-settled rule in this state that this doctrine is only applicable to a defendant who actually perceived the predicament and danger of a plaintiff in time to have avoided the accident by the exercise of due diligence. A defendant cannot be held liable upon the theory that he would have discovered the peril of the other but for remissness on his part." (See also *Isham* v. *Trimble,* 5 Cal.App.2d 648 [43 P.2d 581]; *Alcamisi* v. *Market Street Ry. Co.,* 67 Cal.App. 710 [228 P. 410].) Nor is there any dispute between the parties concerning the correctness of the requested instructions in this regard for said instructions, in setting forth the elements, specified that the doctrine was applicable if "defendants were aware of decedent's dangerous situation" and "then had a clear chance to have avoided injuring decedent by the exercise of ordinary care and failed to do so."

The solution of the real dispute between the parties hinges upon the question of whether there was any substantial evidence upon which the jury might have found that defendant Hickey was aware of deceased's dangerous situation in time to have avoided the accident by the exercise of ordinary care. Admittedly the only direct evidence on the subject was that given by defendant Hickey who testified that he first saw

deceased's car when he was about 30 to 40 feet from it. But the jury was not bound by such direct evidence and the authorities indicate that the other evidence in the record constituted substantial evidence from which the jury might have inferred that defendant Hickey actually saw the deceased's car and was aware of the dangerous situation when more than 30 to 40 feet therefrom and in ample time to have avoided the accident by the exercise of ordinary care. (*Bailey* v. *Wilson,* 16 Cal.App.2d 645 [61 P.2d 68]; *Galwey* v. *Pacific Auto Stages, Inc.,* 96 Cal.App. 169 [273 P. 866]; see, also, *Argo* v. *Southern Pacific Co.,* 39 Cal.App.2d 706 [104 P.2d 77]; *Hellman* v. *Bradley,* 13 Cal.App.2d 159 [56 P.2d 607]; *Handley* v. *Lombardi,* 122 Cal.App. 22 [9 P.2d 867]; *Smith* v. *Los Angeles Ry.,* 105 Cal.App. 657 [288 P. 690]; *Giorgetti* v. *Wollaston,* 83 Cal.App. 358 [257 P. 109]; vol. 2, Cal.Jur. Ten-year Supp., pp. 189, 190.) We are therefore of the opinion that the failure to give instructions on the doctrine of last clear chance constituted prejudicial error under the circumstances.

▪ Plaintiffs' second assignment of error relates to the giving of an instruction on imminent peril. It is apparently conceded that the instruction contained a correct statement of the law on the subject but plaintiffs contend that there was no evidence justifying the submission to the jury of the issue of imminent peril. No authority sustaining plaintiffs' contention has been called to our attention and, in view of the evidence in the record including the conflicting evidence concerning the tail light on deceased's car, we are of the opinion that the trial court did not err in giving said instruction.

▪ Plaintiffs' third assignment of error relates to the exclusion by the trial court of a purported map. The court sustained an objection upon the ground that no foundation had been laid. The map appears in the transcript and is entitled "Preliminary Map of Accident Site." From the discussion of counsel it appears that the map was a preliminary map which had been loaned to plaintiffs' counsel by defendant Hickey's counsel to assist in the preparation for trial. The only ground urged for its admission is that it was a document produced by the opposing party. Plaintiffs cite and rely solely upon a statement in 7 Wigmore on Evidence, 3d ed., p. 632, but that statement appears to have been based upon a statute, in another jurisdiction. We are not called upon, however, to discuss the question of whether the trial court's ruling . constituted error for plaintiffs have wholly

failed to show, or even to suggest, that the error, if any, in excluding said map was prejudicial.

APPEAL FROM JUDGMENT IN FAVOR OF<br>DEFENDANT GENE MORRISON.

■ Plaintiffs contend that the trial court erred in directing a verdict in favor of defendant Gene Morrison. It is plaintiffs' theory that there was sufficient evidence to sustain a finding that defendant Hickey was an employee of defendant Morrison rather than an independent contractor.

Defendant Morrison had been engaged in business for many years as a buyer, licensed by the Department of Agriculture. For several years he had also engaged in the trucking business as a "contract hauler," under the name of Associated Transportation Company. Defendant Hickey was also engaged in the trucking business as a "contract hauler." The latter owned a fleet of four trucks and was licensed to haul goods anywhere in this state.

During the peak of the season when Morrison was purchasing fruit and contracting for the hauling of the fruit to the canneries, he frequently found that his own equipment was insufficient and that he needed to obtain the services of other contract haulers. He therefore obtained such services on a tonnage basis for specified trips or in other words on a "load-to-load basis." At the time of the accident, defendant Hickey was hauling peaches on such basis, under a contract with defendant Morrison, from a point near Yuba City to San Jose.

We find no evidence in the record which would have sustained a finding that defendant Hickey was an employee of defendant Morrison. The uncontradicted evidence shows that defendant Hickey was a licensed contract hauler, operating a fleet of trucks; that he paid the cost of maintenance and repair thereof; that he received no salary or wages from defendant Morrison; that he contracted with defendant Morrison solely for the result of his work and on a specified tonnage basis; that defendant Hickey alone had the right to hire and dismiss the drivers of his trucks and to select the driver who was to operate any particular truck on any particular haul; that he was free to select the route and could leave at any time after the truck was loaded provided he arrived at the cannery at any time during the next canning day; that he was never directed what to do or how to do it after the trucks

had been loaded; and that there was no reservation by defendant Morrison of any right to give such directions. All of the evidence shows that defendant Hickey's status was essentially that of an independent contractor (13 Cal.Jur. 1014) and we find no evidence from which the jury might have found that defendant Morrison had the right of complete or unqualified control, the existence of which right is an essential characteristic of the employer-employee relationship. (*Western Indemnity Co.* v. *Pillsbury,* 172 Cal. 807 [159 P. 721]; *Billig* v. *Southern Pacific Co.,* 189 Cal. 477 [209 P. 241].) The trial court therefore properly directed a verdict in favor of defendant Morrison.

The judgment in favor of defendant Hickey is reversed. The judgment in favor of defendant Morrison is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing was denied November 25, 1942, and the following opinion was thereupon rendered:

THE COURT.—In his petition for rehearing, defendant Hickey states that this court failed to mention in its opinion the "strongest point" urged by defendant in support of the refusal of the trial court to give instructions on the last clear chance doctrine. Said point is stated in the petition as follows: "The decedent could have extricated himself from the dangerous position by the exercise of due care and he, not petitioner, had the last chance to avoid the accident." This point was raised in defendant's brief but we did not believe it was seriously urged.

Defendant's argument seems to be that because the passenger, who had been riding with decedent, saw the oncoming truck of defendant and managed to step aside, decedent could have done likewise. Said defendant states, "It may be assumed that both were in approximately the same relative position with regard to Hickey's oncoming equipment." The uncontradicted evidence was all to the contrary. It appears therefrom that the decedent was on the left side of his car near the steering wheel and that the passenger was on the extreme right side. Hickey tried to pass to the left of decedent's car and the right front portion of Hickey's truck struck the left rear of decedent's car. The positions of the two men and their possibilities of escape were therefore quite

different. But in any event, if it may be said that there was any basis for an argument to the jury along the line suggested by said defendant, it certainly cannot be said as a matter of law that the decedent could have extricated himself from the dangerous position by the exercise of ordinary care or that the decedent had the last chance to avoid the accident. We therefore reiterate our former conclusion that instructions on last clear chance should have been given and that the jury should have been permitted to decide the questions of fact presented by such instructions.

The petition for rehearing is denied.

Respondent Hickey's petition for a hearing by the Supreme Court was denied December 22, 1942.