[Civ. No. 17393. Second Dist., Div. Two. May 10, 1950.]

MAX ALBERDING, Respondent, v. W. H. PRITCHARD et al., Appellants.

Syril S. Tipton for Appellants.

John O. Akin for Respondent.

MOORE, P. J.—In an action for personal injuries respondent recovered judgment for damages suffered as a result of having his foot crushed by appellants' truck. On the day of the accident respondent was in the employ of a construction company which was erecting certain residential buildings on 52d street in the city of Maywood. Earlier in the day appellant Ritter, employee of defendant Pritchard, had delivered a truckload of the material necessary for cement to the premises. The cement mixer was set back about 65 feet south from the curb and in a driveway between a completed residence to the west and another in the course of construction to the east. The driveway was approximately 17 feet in width and was soft dirt. Ritter had delivered his first load of materials in the presence of respondent without incident. Between the time of his first delivery and the arrival of his second, some sacks of cement had been delivered in the same driveway. In order to make way for Ritter's second cargo the employees on the job moved the cement so that Ritter could back into the driveway and approach close to the mixer. Respondent assisted in moving the sacks, then he turned his attention to the motor of the mixer which was running. While he was kneeling and working on the motor and facing to the southeast, Ritter backed the 5½-ton truck with its 8-ton cargo down the driveway to the mixer where it crushed the right foot of respondent.

The sole ground of appeal is the jury instruction on the doctrine of the last clear chance. (BAJI 205, p. 310.*) Appel-

*"There has grown up in our law a certain reasoning process that we sometimes call to our aid in analyzing the facts of an accident case, and which is known as the doctrine of last clear chance. It is permissible to use the doctrine only after we first find, and you may not use it unless and until you first shall have found, that in the events leading up to the accident in question, both the plaintiff and defendant were negligent.

"The doctrine of last clear chance may be invoked if, and only if, you find from the evidence that these six facts existed:

"First: That plaintiff, by his own negligence, got himself into a position of danger.

"Second: That thereupon, either it was physically impossible for him through the exercise of ordinary care to escape from the danger, or he was totally unaware of impending danger in his position.

"Third: That the defendant had actual knowledge of plaintiff's situation.

"Fourth: That it appeared to the defendant, or would have appeared to him in the exercise of ordinary care, that plaintiff either was unaware

lant emphasizes the second and third elements listed in the six facts, the concurrent existence of which is essential to the application of the doctrine.

 The record discloses evidence from which it can be reasonably inferred that respondent was unaware of the impending danger. It consists of (1) the testimony of appellant Ritter that respondent was working at the mixer at the time appellant was backing his truck up the driveway; (2) his testimony that the motor of the mixer was running; (3) respondent's testimony that he did not hear the truck; did not know it was backing in at the time; (4) was at work on the motor of the mixer; (5) was facing in the direction opposite to that from which the truck was approaching; (6) he had not seen the truck's tracks previously made. Such evidence is sufficient basis for the assumption that respondent was totally unaware of the impending danger in his position or that it was physically impossible for him through the exercise of ordinary care to escape from the danger. In considering whether the record contains evidence sufficient to justify the court in giving an instruction upon the doctrine of last clear chance, the reviewing court must consider all the evidence admitted by the trial court. It must ignore conflicts and view the evidence in the light most favorable to the contention that the doctrine is applicable, indulging every reasonable inference supporting the application of the doctrine. If after such review and consideration the doctrine can apply under any reasonable view of the evidence the instruction is proper. Knowledge of the plaintiff's peril can be imputed to a defendant when the former's situation is such as should impress the mind of a reasonable person that the plaintiff is in a position of imminent danger. (*Jones* v. *Yuma Motor Freight Terminal Co.*, 45 Cal.App.2d 497, 500 [114 P.2d 438].)

Appellants base their contention on the fact that three of

of the danger impending in the situation or was unable to escape therefrom through the exercise of ordinary care.

"Fifth: That after the defendant acquired actual knowledge of plaintiff's perilous situation, he had a clear opportunity to avoid the accident and could have done so by exercising ordinary care.

"Sixth: That the defendant did not avail himself of that opportunity, but by negligent conduct proximately caused the accident.

"If all the conditions just mentioned are found by you to have existed with respect to the accident in question, then you must find against the defense of contributing negligence, because under such conditions the law holds the defendant liable for any injury suffered by the plaintiff and proximately resulting from the accident, despite the negligence of the plaintiff."

respondent's own witnesses testified that they heard the truck and were near respondent at the time of the accident and that the truck had made previous deliveries to the same spot leaving visible tire tracks. In addition to such testimony appellants asserted that respondent had five years' experience as a laborer on construction jobs and had worked at the premises in question for five days. However, despite such testimony the evidence adopted by the trial court as a basis for its assumption of respondent's unawareness was substantial and reasonable.

With reference to the third element in the instruction appellants contend that it is not shown by the evidence that appellant Ritter had actual knowledge of plaintiff's situation. They base their contention upon the following facts: (1) testimony that the driveway was approximately 17 feet wide but the space between the mixer and the western edge of the driveway was about 10 feet only within which Ritter was compelled to drive the truck; (2) respondent's testimony that he had been kneeling in his position beside the motor for four or five minutes during which time his foot extended west of the mixer about 6 inches into the path of the truck. Appellants argue that it is ''highly improbable'' that respondent's foot remained steady and in the same position for the length of time asserted by him and that it must be shown that the foot remained in the exact position in order to establish that it was in a position of peril. From their own arguments on the unlikelihood of the foot's remaining in the same position appellants conclude that the jury could not have had a clear picture of respondent's position of peril. Needless to say, it was the evidential inferences drawn by the trial judge as to whether the defendant had actual knowledge of plaintiff's situation which warranted the giving of the instruction. (3) Ritter testified that as he backed he saw the ''men working around the mixer.'' Appellants concede that Ritter saw respondent from time to time as he was backing the truck into the driveway and that he saw respondent a few seconds before the collision. But they contend that Ritter did not have a clear and unobstructed view; that his vision was obstructed by a 4-foot stack of sacks of cement just north of the mixer; that the bed of the truck blocked his vision through the window; that the truck was 21 feet long.

In view of such facts which appear in the evidence appellants argue that (1) all the essential elements must be present before a negligent plaintiff may rely upon the doctrine of

the last clear chance (*Girdner* v. *Union Oil Co.*, 216 Cal. 197, 202 [13 P.2d 915] ; *Palmer* v. *Tschudy,* 191 Cal. 696, 700 [218 P. 36] ; *Johnson* v. *Sacramento Northern Ry.,* 54 Cal. App.2d 528, 531 [129 P.2d 503] ; (2) there must be substantial evidence to establish the presence of these elements (*Keller* v. *Arden Farms, Inc.,* 59 Cal.App.2d 506 [139 P.2d 47] ; (3) Ritter's actual view of respondent some considerable distance from the place of the accident does not necessarily make the doctrine applicable. (*Thompson* v. *Los Angeles etc. Ry. Co.,* 165 Cal. 748 [134 P. 709] ; *Smith* v. *Aggola,* 27 Cal.App.2d 750 [81 P.2d 997] ; *Dalley* v. *Williams,* 73 Cal.App.2d 427 [166 P.2d 595].)

Again appellants ignore the fact that it was the function of the trial court to determine from the evidence whether there was sufficient proof to warrant the assumption that Ritter had actual knowledge of respondent's situation. Such proof is found in the (1) testimony of respondent and of the witnesses Thone and McNaught. They testified that respondent had been for several minutes prior to the truck's actual backing into the driveway in the identical position that he was in when stricken. (2) Testimony of Ritter was that he clearly saw respondent near the mixer when respondent was in a perilous position. (3) The narrow driveway into which Ritter was backing and the absence of a rear window in his truck were warnings of danger of which Ritter was aware. Not only did he testify that he saw respondent at the mixer a few seconds before he stopped his truck, but respondent and his three witnesses testified that respondent had been kneeling at the mixer at least four minutes prior to the truck's collision with the foot. From this it is patent that the trial judge reasonably drew the deduction that Ritter had seen respondent in his position of peril. The last three cases above cited on behalf of appellants (Thompson, Smith, Dalley), are factually different.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.