[Civ. No. 5315. Fourth Dist. Mar. 28, 1956.]

BLUCHER CARL MASON, Respondent, v. ROBERT WALLACE HART et al., Appellants.

Baker, Palmer, Wall & Raymond and Oran Palmer for Appellants.

Oscar F. Catalano and Herbert Chamberlain for Respondent.

CONLEY, J. pro tem.[*]—The plaintiff, Blucher Carl Mason, sued Robert Wallace Hart and his employer L. E. Shafer for personal injuries and property damage caused by a rear-end collision between plaintiff's car and a GMC tractor driven by the defendant. Judgment on the jury's verdict was entered in favor of plaintiff for $13,157.59. His motion for a new trial having been denied, defendant appealed.

Appellant urges only one contention on the appeal—that the trial court erred in giving an instruction based on the doctrine of last clear chance. This claim of error is two-fold: he argues first, that upon the record no instruction on the doctrine should have been given; and secondly, that in any event the form of the instruction is erroneous.

As not infrequently happens in automobile accident cases, the plaintiff's testimony as to the basic facts differs sharply from the defendant's. Plaintiff testified that he was driving south in the more westerly of the southbound lanes of Highway

---

[*]Assigned by Chairman of Judicial Council.

99 at approximately 35 M.P.H. when without warning his car was struck violently from the rear by the defendant's tractor. If this version of the collision be accepted the last clear chance theory would, of course, not be applicable as plaintiff would be entirely blameless.

But while respondent naturally relies upon his own account of the collision, he correctly maintains that he was entitled to propose an instruction in conformity with any theory which found substantial evidentiary support at the trial (*Gardini* v. *Arakelian*, 18 Cal.App.2d 424, 430 [64 P.2d 181]; *Wheeler* v. *Buerkle*, 14 Cal.App.2d 368, 373 [58 P.2d 230]), and that if the defendant produced substantial evidence which would establish the necessary elements of the last clear chance doctrine the instruction was properly given.

In pursuing this enquiry, we shall apply the well recognized rule that on appeal we must accept the evidence most favorable to the contention that the doctrine is applicable in reviewing the record, as "plaintiff is entitled to an instruction thereon if the evidence so viewed could establish the elements of the doctrine." (*Selinsky* v. *Olsen*, 38 Cal.2d 102, 103 [237 P.2d 645]. See also *Daniels* v. *City & County of San Francisco*, 40 Cal.2d 614, 617 [255 P.2d 785]; *Bonebrake* v. *McCormick*, 35 Cal.2d 16 [215 P.2d 728]; *Alberding* v. *Pritchard*, 97 Cal.App.2d 443 [217 P.2d 1012].)

The defendant, Hart, testified that he left Modesto going south on Highway 99 between 10 p. m. and 10:30 p. m. on April 27, 1954, driving an unloaded GMC tractor for his employer, the codefendant Shafer. He slept for awhile at the side of the road in Tulare County, and in the early morning proceeded in a southerly direction in the outside lane of the two southbound lanes of Highway 99. When about 500 feet from the point of collision there were no cars ahead of him going in the same direction. The road, as shown by the photograph in evidence, is wide, straight and level, and it was daylight; the jury had the right to infer that visibility would be possible for several times 500 feet. When he first saw plaintiff's panel truck it was stopped on the highway, principally in the outside lane but with its left wheels over the white line and 6 or 7 inches in the inside lane; the defendant testified that when he first saw plaintiff's car it was 250 to 280 feet in front of him. Mr. Hart was far from consistent in his testimony, stating at one time that he did not know that the panel truck was at a standstill until he was only

approximately 100 feet away from it; he put on his brakes, he says, at 100 feet (50 feet according to his deposition), attempted to turn to the left of the stalled panel truck (or to the right as he said at one time). When 500 feet from the point of collision, Hart estimated his speed at from 40 to 42 miles per hour, but he did not know how fast he was going at 100 feet. It was daylight when the collision occurred; the sun was shining and the highway was a little damp from a mist. There were no other vehicles present on the highway prior to or at the time of the accident. Hart had air brakes on his tractor, which he never applied with full force. The taillight on the Mason car was lighted, according to Hart.

In pursuing our enquiry as to whether the record justified the giving of the instruction, it is not necessary to rely wholly on direct evidence, as legitimate inferences may properly be considered. For example, the jury was not bound to accept the defendant's statement that he did not see the plaintiff's car until 250 to 280 feet away (*Pire* v. *Gladding McBean & Co.*, 55 Cal.App.2d 108, 111, 112 [130 P.2d 143]; *Handley* v. *Lombardi*, 122 Cal.App. 22, 28 [9 P.2d 867]) for as was said, of basically similar facts in *Selinsky* v. *Olsen*, 38 Cal.2d 102, 105 [237 P.2d 645], ". . . defendant was looking straight ahead as he approached plaintiff's car and his view was unobstructed. It may be inferred therefrom that he saw plaintiff's motionless car extending into the line of traffic." The inference could legitimately be drawn in this case under the evidence most favorable to the doctrine that defendant saw plaintiff's car at a standstill when he was at least 500 feet away from it and that although he was aware of the perilous situation, he did nothing to avoid the accident until he was within 50 or 100 feet of the point of collision. A long line of authorities in this state expressly approves this "must have seen" or "must have known" rule in determining whether a case properly involves all of the elements of the last clear chance doctrine. (*Sills* v. *Los Angeles Transit Lines*, 40 Cal. 2d 630, 637 [255 P.2d 795]; *Darling* v. *Pacific Elec. Ry. Co.*, 197 Cal. 702, 711 [242 P. 703]; *Hoy* v. *Tornich*, 199 Cal. 545, 553 [250 P. 565]; *Alberding* v. *Pritchard, supra*, 97 Cal. App.2d 443, 446; *Gillette* v. *City & County of San Francisco*, 58 Cal.App.2d 434, 442 [136 P.2d 611]; *Cole* v. *Ridings*, 95 Cal.App.2d 136, 143 [212 P.2d 597]; *Bailey* v. *Wilson*, 16 Cal. App.2d 645, 649 [61 P.2d 68]; *Smith* v. *Los Angeles Ry.*, 105 Cal.App. 657 [288 P. 690].)

In the recent case of *Doran* v. *City & County of San Fran-*

*cisco,* 44 Cal.2d 477, 483 [283 P.2d 1], the necessary evidentiary elements which must be present to justify an application of the doctrine of last clear chance are enumerated as follows:

"The doctrine presupposes: '(1) That plaintiff has been negligent and, as a result thereof, is in a position of danger from which he cannot escape by the exercise of ordinary care; and this includes not only where it is physically impossible for him to escape, but also in cases where he is totally unaware of his danger and for that reason unable to escape; (2) that defendant has knowledge that the plaintiff is in such a situation, and knows, or in the exercise of ordinary care should know, that plaintiff cannot escape from such situation; and (3) has the last clear chance to avoid the accident by exercising ordinary care, and fails to exercise the same, and the accident results thereby, and plaintiff is injured as the proximate result of such failure.' (*Daniels* v. *City & County of San Francisco, supra,* 40 Cal.2d 614, 619.)"

Examining the reporter's transcript in the light of this statement, it is apparent that the proof justified the giving of an instruction in proper form, based on the doctrine. For there was direct and indirect evidence from which it could legitimately be concluded that plaintiff had been negligent in stopping his automobile on the highway and in partially occupying two lanes; he was totally unaware of the impending danger and therefore unable to escape; the defendant, inferentially, saw the dangerous situation when he was 500 feet away, and by his own admission when he was 250 to 280 feet away; his tractor was in good condition and he was not traveling at a speed of more than 40 or 42 miles per hour; the highway was flat, straight and well paved and was only damp rather than very wet or flooded; light conditions were good, the sun was shining and a taillight was burning on the plaintiff's car; in the exercise of ordinary care the defendant driver knew or he should have known that the plaintiff could not escape from the perilous situation he was in (*Alberding* v. *Pritchard, supra,* 97 Cal.App.2d 443, 445), and he had the last clear chance to avoid the accident by exercising ordinary care, either through stopping his tractor or by turning it to the left or right of the stalled car; his failure so to act proximately caused the collision.

The question remains whether the instruction as given was correct in form; it reads as follows:

"There has grown up in our law a certain reasoning process

that we sometimes call to our aid in analyzing the facts of an accident case, and which is known as the doctrine of last clear chance. It is permissible to use the doctrine only after we first find, and you may not use it unless and until you first shall have found, that in the events leading up to the accident in question, both the plaintiff and defendants were negligent.

"The doctrine of last clear chance may be invoked if, and only if, you find from the evidence that these six facts existed:

"First: That plaintiff, by his own negligence, got himself into a position of danger.

"Second: That thereupon, either it was physically impossible for him through the exercise of ordinary care to escape from the danger, or he was totally unaware of impending danger in his position.

"Third: That the defendant had knowledge that the plaintiff was in such a situation, and knew, or in the exercise of ordinary care should have known, that the plaintiff could not escape from such a situation.

"Fourth: That it appeared to the defendant, or would have appeared to him in the exercise of ordinary care, that plaintiff either was unaware of the danger impending in the situation or was unable to escape therefrom through the exercise of ordinary care.

"Fifth: That after the defendant acquired actual knowledge of plaintiff's perilous situation, and knew, or in the exercise of reasonable care should have known, that plaintiff could not escape from such a perilous situation, he had a clear opportunity to avoid the accident and could have done so by exercising ordinary care.

"Sixth: That the defendant did not avail himself of that opportunity, but by negligent conduct proximately caused the accident.

"If all the conditions just mentioned are found by you to have existed with respect to the accident in question, then you must find against the defense of contributory negligence, because under such conditions the law holds the defendant liable for any injury suffered by the plaintiff and proximately resulting from the action, despite the negligence of the plaintiff."

Appellant complains that the requirement numbered "Third" in the instruction is erroneous; otherwise he concedes that the instruction follows California Jury Instructions, Civil, BAJI form 205 and is correct; the wording of the

corresponding paragraph of the BAJI form is: "Third: That the defendant had actual knowledge of plaintiff's perilous position." The instruction as given omits the adjective "actual" before the word "knowledge," substitutes "that the plaintiff was in such a situation" for the words "of plaintiff's perilous position" and adds a clause ". . . and knew, or in the exercise of ordinary care should have known, that the plaintiff could not escape from such a situation."

 "Knowledge" gained wholly by visual observation is necessarily "actual knowledge." "Actual" means real, not nominal; existing in fact, as opposed to constructive, speculative, potential, possible, ostensible, virtual, conceivable, ideal, theoretical, or hypothetical. (Words and Phrases, perm. ed., vol. 2, p. 311.) An automobile driver has knowledge, actual knowledge, of what he sees, and the jury could not possibly have been misled by the omission of the word "actual."

 The words "that plaintiff was in such a situation" refer to the situation described in the paragraphs of the instruction numbered "First" and "Second," that is to say the position of danger into which plaintiff had gotten himself and from which it was impossible for him to escape through the exercise of ordinary care, or of which he was totally oblivious. Thus actual knowledge by defendant of plaintiff's perilous situation is correctly required by the instruction.

The third particular in which the instruction differs from the form conceded by appellant to be correct is in fact only a reiteration of the factor contained in the requirement set forth in the paragraph designated "Fourth." The principle is well established in California that in order to invoke the last clear chance doctrine there must be knowledge by defendant of the plaintiff's perilous situation; (*Doran* v. *City & County of San Francisco, supra,* 44 Cal.2d 477, 483), but once such knowledge exists, the defendant is under a duty to react as a reasonably prudent man in taking the ameliorative measures required by due care. A classic statement of this principle is made by Mr. Justice Shaw in *Basham* v. *Southern Pac. Co.,* 176 Cal. 320, 324 [168 P. 359] :

"The doctrine of the last clear chance assumes that both the plaintiff and the defendant have been guilty of negligence, the combination of which produces the danger, and places the injured party in a predicament from which he cannot extricate himself, and that this predicament is known, or should be known, with the knowledge actually possessed, to the other

party. It is not until this takes place that the duty of additional care devolves upon the person causing the injury. The person thus causing the injury cannot rely upon dullness to excuse him for not knowing that the other party was not aware of danger. He must be held to know this when the circumstances of which he has knowledge are such as would create in the mind of a reasonable man a belief, or a reasonable fear, that the other party was in such precarious situation.''

A similar situation is thus discussed in *Sills* v. *Los Angeles Transit Lines, supra,* 40 Cal.2d 630, 637:

''It was for the jury to determine whether the circumstances were such as would alert a reasonable man as to the danger of plaintiff's predicament and plaintiff's probable inability to escape therefrom. (*Peterson* v. *Burkhalter,* 38 Cal.2d 107, 111 [237 P.2d 977].) So it was aptly said in *Nicolai* v. *Pacific Electric Ry. Co.,* 92 Cal.App. 100, at pages 105-106 [267 P. 758]: 'As held in a number of cases, where a person sees another in a position which is in fact dangerous, he may not rely upon dullness to excuse him from not realizing the danger of the position (*Basham* v. *Southern Pac. Co.,* 176 Cal. 320 [168 P. 359]); and if he sees the dangerous situation he must use reasonable diligence in analyzing the same (*Starck* v. *Pacific Electric Ry. Co.,* 172 Cal. 277 [156 P. 51, L.R.A. 1916E 58]), knowledge of danger being imputed where the circumstances are such as to convey to the mind of a reasonable man that the plaintiff is in a position of peril (*Harrington* v. *Los Angeles Ry. Co.,* 140 Cal. 514 [74 P. 15, 98 Am.St.Rep. 85, 63 L.R.A. 238]).' (See also *Paulos* v. *Market Street Ry. Co.,* 136 Cal.App. 163, 170 [28 P.2d 94]; *Gillette* v. *City & County of San Francisco,* 58 Cal.App.2d 434, 444 [136 P.2d 611].)''

We conclude that the instruction was correct in form and was properly given. Accordingly, the judgment is affirmed.

Barnard, P. J., and Mussell, J., concurred.