TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 94-319 |
| of | : | |
| | : | July 20, 1994 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE JOHN W. WITT, CITY ATTORNEY, CITY OF SAN DIEGO, has requested an opinion on the following question:

When a court orders a defendant to make restitution to a victim of crime as a condition of granting probation, may a county probation department deduct from each restitution payment collected an administrative fee calculated as a fixed percentage of the total amount of restitution ordered by the court?

CONCLUSION

When a court orders a defendant to make restitution to a victim of crime as a condition of granting probation, a county probation department may not deduct from each restitution payment collected an administrative fee calculated as a fixed percentage of the total amount of restitution ordered by the court.

ANALYSIS

Section 28 of article I of the Constitution, known as "The Victims' Bill of Rights," states in subdivision (b):

"It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer.

"Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary. The Legislature shall adopt provisions to implement this section during the calendar year following adoption of this section."

Several statutes implement this constitutional statement of policy and directive. Penal Code section 1203.04[1] provides:

"(a) In every case where a person is convicted of a crime and is granted probation, the court shall require, as a condition of probation, that the person make restitution as follows:

"(1) To the victim, if the crime involved a victim. For purposes of this section, `victim' shall include the immediate surviving family of the actual victim in homicide cases. Payments shall be made to the Restitution Fund to the extent the victim has received assistance pursuant to Article 1 (commencing with Section 13959) of Chapter 5 of Part 4 of Division 3 of Title 2 of the Government Code.

"(2) To the Restitution Fund, if the crime did not involve a victim.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(d) For purposes of paragraph (1) of subdivision (a), `restitution' means full or partial payment for the value of stolen or damaged property, medical expenses, and wages or profits lost due to injury or to time spent as a witness or in assisting the police or prosecution, which losses were caused by the defendant as a result of committing the crime for which he or she was convicted. The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible.

"Restitution collected pursuant to this section shall be credited to any other judgments obtained by the victim against the defendant arising out of the crime for which the defendant was convicted.

"(e) For purposes of paragraph (2) of subdivision (a), the amount of restitution to be paid to the Restitution Fund shall be set at the discretion of the court and commensurate with the seriousness of the offense; but shall not be less than two hundred dollars ($200), subject to the defendant's ability to pay, and shall not exceed ten thousand dollars ($10,000) if the person is convicted of a felony; and shall not exceed one thousand dollars ($1,000) if the person is convicted of a misdemeanor.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."[2]

Section 1203.1 provides in part:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(b) The court shall consider whether the defendant as a condition of probation shall make restitution to the victim or the Restitution Fund. Any restitution payment received by a probation department in the form of cash or money

---

[1]All section references herein are to the Penal Code unless otherwise specified.

[2]The Restitution Fund (Gov. Code, §§ 13959-13969.3) is administered by the State Board of Control and is available for payment of medical expenses, mental health expenses, and loss of income suffered by victims of crime. Criminal fines generate the revenues for the fund.

order shall be forwarded to the victim within 30 days from the date the payment is received by the department. Any restitution payment received by a probation department in the form of a check or draft shall be forwarded to the victim within 45 days from the date the payment is received by the department, provided, that payment need not be forwarded to a victim until 180 days from the date the first payment is received, if the restitution payments for that victim received by the probation department total less than fifty dollars ($50). In cases where the court has ordered the defendant to pay restitution to multiple victims and where the administrative cost of disbursing restitution payments to multiple victims involves a significant cost, any restitution payment received by a probation department shall be forwarded to multiple victims when it is cost effective to do so, but in no event shall restitution disbursements be delayed beyond 180 days from the date the payment is received by the probation department.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(l) If the court orders restitution to be made to the victim, the board of supervisors may add a fee to cover the actual administrative cost of collecting restitution but not to exceed 10 percent of the total amount ordered to be paid. The fees shall be paid into the general fund of the county treasury for the use and benefit of the county."

The question presented for resolution concerns the fee for administrative costs that may be charged by a county under the provisions of section 1203.1, subdivision (l). We are given, as an example, a court order of restitution in the total amount of $10,000, payable in $100 monthly installments. Based upon its past experience, the county has estimated the costs of administering its restitution program as equal to five percent of all amounts of restitution ordered by a court. For collecting $10,000 in restitution, its fee would thus be $500. May the county retain the first five monthly payments in the example given before disbursing any amounts to the victim? We conclude that it may not.

In analyzing the governing statutes, we are guided by several rules of statutory construction. "In construing a statute, a court's objective is to ascertain and effectuate the underlying legislative intent." (*Moore* v. *California State Board of Accountancy* (1992) 2 Cal.4th 999, 1012.) "In determining intent, we look first to the language of the statute, giving effect to its `plain meaning.'" (*Kimmel* v. *Goland* (1990) 51 Cal.3d 202 208.) "A construction making some words surplusage is to be avoided. The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized." (*Dyna-Med, Inc.* v. *Fair Employment & Housing Commission* (1987) 43 Cal.3d 1379, 1387.)

Applying these various principles, we find that subdivision (l) of section 1203.1 authorizes a county board of supervisors to *add* a fee to cover its administrative costs, not *subtract* the amount of its fee from the restitution payment ordered by the court. The restitution payments are to be "forwarded" to the victim, whether made by check, draft, or in cash, within strict time limits. (§ 1203.1, subd. (a).)

Were the county permitted to take its fee first from the restitution payment itself, the county would stand in a priority position relative to the victim. Such treatment could result in the victim getting little or no restitution if the defendant were to run out of funds or otherwise default on his payments. This would not only be contrary to the plain language and obvious intent of

section 1203.1, but also the language and intent of section 1203.1d. The latter statute provides in part:

"In determining the amount and manner of disbursement under an order made pursuant to this code requiring a defendant to make reparation or restitution to a victim of a crime, to pay any money as reimbursement for legal assistance provided by the court, to pay any cost of probation or probation investigation, or to pay any cost of jail or other confinement, or to pay any other reimbursable costs, the court, after determining the amount of any fine and penalty assessments, and a county financial evaluation officer when making a financial evaluation, shall first determine the amount of restitution to be ordered paid to any victim, and shall then determine the amount of the other reimbursable costs.

"If payment is made in full, the payment shall be apportioned and disbursed in the amounts ordered by the court.

"If reasonable and compatible with the defendant's financial ability, the court may order payments to be made in installments.

"With respect to installment payments, the board of supervisors may establish the priorities of payment, first between fines, penalty assessments, and reparation or restitution, and then between other reimbursable costs. The board of supervisors may also establish priorities of payment between orders or parts of orders in cases where defendants have been ordered to pay more than one court order."

Under the terms of section 1203.1d, the total amount of restitution is to be determined "first" and paid "first" whether paid in full or in installments. Thereafter, "other reimbursable costs," such as a county's administrative collection fee, may be given priority.

Even if the terms of sections 1203.1 and 1203.1d were not clear, any ambiguity in the language would require a construction that favored the crime victim. We are to interpret the implementing statutes of the Victims' Bill of Rights "broadly and liberally to the end that the `unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution,' may be served." (*People* v. *Beck* (1993) 17 Cal.App.4th 209, 219.)

Undoubtedly a county may take appropriate action to collect its administrative collection fee in addition to forwarding restitution payments to a crime victim. "`"[W]here a power is given to perform an act, the authority to employ all necessary means to accomplish the end is always one of the implications of the law."'" (*Forest Lawn Company* v. *City Council* (1963) 60 Cal.2d 516, 519-520; see *County of San Joaquin* v. *Stockton Swim Club* (1974) 42 Cal.App.3d 968, 972; 73 Ops.Cal.Atty.Gen. 156, 164 (1990).) Thus, for every total or partial payment of restitution, the county may simultaneously collect a fee to cover its cost of collecting that particular payment.

With respect to whether a county's administrative fee may be calculated as a fixed percentage of all restitution amounts ordered, we note that under subdivision (l) of section 1203.1, the fee is to be based on the "actual" administrative cost of collecting the ordered restitution. "`Actual' means real, not nominal; existing in fact, as opposed to constructive, speculative, potential, possible, ostensible, virtual, conceivable, ideal, theoretical, or hypothetical. [Citation.]" (*Mason* v. *Hart* (1956) 140 Cal.App.2d 349, 355.) The statute obligates each county to ascertain its "real" costs in receiving and disbursing restitution payments. As the court stated in a different context: "A rational connection must exist between the fee charged and the cost of providing the service."

(*Canyon North Company* v. *Conejo Valley Unified School District* (1993) 19 Cal.App.4th 243, 251; see 76 Ops.Cal.Atty.Gen. 5, 7-8 (1993).) [3]

We therefore conclude that when a court orders a defendant to make restitution to a victim of crime as a condition of granting probation, a county probation department may not deduct from each restitution payment collected an administrative fee calculated as a fixed percentage of the total amount of restitution ordered by the court.

\* \* \* \* \*

---

[3]Under the terms of section 1203.1, subdivision (b), a "restitution payment . . . in the form of cash or money shall be forwarded to the victim within 30 days from the date the payment is received" and "within 45 days from the date the payment is received" if "in the form of a check or draft." Conceivably, the county's additional charge may be collected prior to the expiration of the 30 or 45-day period specified in the statute. As long as the statutory deadline is met in a particular case for forwarding a restitution payment, we see no reason why the county cannot charge and collect its administrative fee prior to forwarding a restitution payment to the crime victim.